**Louis W. SNODGRASS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–280.**

Court of Criminal Appeals of Oklahoma.

May 3, 1978.

Hamilton & Lambert, Don Hamilton, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Robert L. Johnston, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Louis W. Snodgrass, hereinafter referred to as the defendant, was charged, tried and convicted by a jury, for the offense of Receiving Stolen Property, in violation of 21 O.S.1971, § 1713, in the District Court, Pottawatomie County, Case No. CRF–75–407. Punishment was assessed at two (2) years' imprisonment. From said judgment and sentence, the defendant has perfected a timely appeal to this Court.

Mrs. Betty McElmurry of Shawnee, testified that on October 8, 1975, her home was burglarized and State's Exhibits Nos. 1 through 5, several shotguns and rifles, were stolen. Mr. McElmurry gave similar testimony. Both stated that they had given no one permission to take the firearms.

Michael Ray Hoover, Oklahoma Bureau of Narcotics and Dangerous Drugs Agent at the time of the incident, testified that on

October 10, 1975, he purchased State's Exhibits Nos. 1 through 5 from the defendant for $200.00. The transaction occurred in the yard of the defendant's trailer home. At the time another agent was present. Defendant told Hoover that "these weapons came from about the same place the others did." Thereafter the State proved through the testimony of Agent Hoover that on October 2, 1975, defendant sold Hoover certain other weapons. Hoover testified that the October 2nd transaction took place in Oklahoma City and; that it was the first such transaction with defendant, and that the transaction was arranged by one Patricia Ball, who was "working off" a charge by operating as an informant. According to Agent Hoover during the transaction on October 2nd, the following conversation occurred:

"A  Yes, sir. I met him at that address in Oklahoma City. At that point I purchased five other firearms from the defendant. During the purchasing of these weapons, I asked him where the weapons came from. He advised that they were from Lincoln County, out by Meeker. He stated that's all he ever told any of his people that he dealt with, was where they were stolen from. That way, you don't go back and try to sell them the same place that they were stolen from.

"*  *  *

"Q  What further conversation did you have with him, if any, concerning the future purchase of weapons?

"A  We had a conversation in which I asked if he would have weapons to sell in the future. He stated that he probably would. That he didn't know from day to day. That some days he had guns to sell, and some days he didn't. We continued to talk, and he affirmed that he would always tell me where the guns were taken from, so that I would not take them back to that area and attempt to turn them, to try to sell to someone else." (Tr. 73–74).

Hoover testified that because of this conversation he understood what the defendant meant, when, during the second transaction on October 10th, defendant stated that State's Exhibits Nos. 1 through 5 "came from about the same place the others did."

For the defense, Mrs. Snodgrass testified, stating that her husband often bought and sold merchandise and other goods. She stated however that she did not know how defendant had acquired State's Exhibits Nos. 1 through 5.

The present case involves the guns sold to Agent Hoover on October 10th. Defendant's sole assignment of error is that the trial court improperly permitted the State to prove that October 2nd, the defendant sold other stolen goods to Agent Hoover.

■  The introduction of evidence of crimes other than the one for which a defendant is being tried is improper, except in certain instances. Generally put, it is inadmissible in all cases unless proof of the "other crime" tends to prove the crime charged and its probative value outweighs its prejudicial effect. *Roulston v. State*, Okl.Cr., 307 P.2d 861 (1957).

Herein, absent proof of the transaction on October 2nd, the State would be unable to show that the defendant knew State's Exhibits Nos. 1 through 5 to be stolen when he sold them to Hoover on October 10th. Nothing occurred during the October 10th transaction which indicated that the defendant knew the guns to be stolen, except for his comment that "these weapons came from about the same place the others did." Hoover knew what this meant, since he had earlier, on October 2nd, concluded another weapon transaction wherein defendant said that he would always tell Hoover where the guns were stolen from, so that Hoover would not attempt to resell them in that same area.

Defendant asserts that evidence of the October 2nd transaction does not fit within any of the exceptions to the general rule noted in *Roulston v. State*, supra (intent, motive, identity, absence of mistake or accident, or common scheme, plan or design so embracing the commission of two or more offenses such that proof of one tends to establish the other).

We disagree. The evidence concerning the October 2nd sale is admissible under at least two of the exceptions enunciated above. First, the earlier transaction tends to establish that the defendant possessed and sold State's Exhibits Nos. 1 through 5 knowing them to have been stolen. As such, proof of the earlier transaction negates the possibility that on October 10th defendant possessed and sold State's Exhibits Nos. 1 through 5 under the mistaken belief that they were not stolen, or that he accidentally possessed and sold stolen goods.

We are also of the opinion that proof of the first transaction is admissible under the "intent" exception to the rule. One element of receipt, concealment, or possession of stolen goods is knowledge by the defendant that the goods were stolen. Herein proof of the October 2nd transaction established that the defendant did indeed have such knowledge. It shows defendant had knowledge that the property was stolen. See *Dickey v. State*, Okl.Cr., 266 P.2d 480 (1954). Thus, proof of the October transaction clearly establishes the intent with which the October 10th transaction was committed.

In view of the foregoing, there is clearly a "visible connection" between both crimes and moreover, proof of the "other crime" was necessary to prove the crime charged. We are therefore of the opinion that it was not error to permit the State to prove the October 2nd transaction. The judgment and sentence is therefore

*AFFIRMED.*

BUSSEY, P. J., and CORNISH, J., concur.