OSCN Found Document:IN RE ADOPTION OF THE 2024 REVISIONS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN RE ADOPTION OF THE 2024 REVISIONS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)
2024 OK CR 6
Case Number: CCAD-2024-3
Decided: 03/06/2024
IN RE ADOPTION OF THE 2024 REVISIONS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)

Cite as: 2024 OK CR 6, __ __

 

ORDER ADOPTING AMENDMENTS TO OKLAHOMA
UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)
¶1 On January 24, 2024, the Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions submitted its report and recommendations to the Court for adoption of amendments to Oklahoma Uniform Jury Instructions-Criminal (Second Edition) (OUJI-CR (2d)). The Court has reviewed the report and recommendations by the committee for the adoption of the proposed 2024 revisions to the Uniform Jury Instructions. Pursuant to 12 O.S.2021, § 577.1, the Court accepts that report and finds the revisions should be adopted.
¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the report of the Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions shall be accepted, and its revisions adopted. The revisions shall be available for access via the internet from this Court's website at www.okcca.net on the date of this order and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts and the District Courts of the State of Oklahoma are directed to implement the utilization of these revisions effective on the date of this order.
¶3 IT IS FURTHER ORDERED ADJUDGED AND DECREED that the amendments to existing OUJI-CR (2d) instructions, and the adoption of new instructions, as set out in the following designated instructions and attached to this order, are adopted, to wit:
4-13, 4-26D, 4-28, 4-39, 4-39A, 4-40D, 4-87B, 4-87B-1, 4-87C, 4-87C-1, 4-94, 4-124, 4-125, 4-128, 4-129, 4-130, 5-12, 5-18, 5-108, 6-14, 6-15, 6-18A, 6-44A, 9-9, 9-27, 10-13D, 10-13E, 10-13F, 10-14A, 11-3, and 11-7.
¶4 The Court also accepts and authorizes the updated committee comments to be published, together with the above styled revisions and each amended page in the revisions to be noted at the bottom as follows "(2024 Supp.)". Furthermore, instructions 4-126 and 4-127 shall be deleted.
¶5 THIS COURT COMMENDS the members of the Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions for their ongoing efforts to provide up-to-date Uniform Jury Instructions to the bench and the bar of the State of Oklahoma.
¶6 IT IS SO ORDERED.
¶7 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 6th day of March, 2024.
 

/S/SCOTT ROWLAND, Presiding Judge
/S/WILLIAM J. MUSSEMAN, Vice Presiding Judge
/S/GARY L. LUMPKIN, Judge
/S/DAVID B. LEWIS, Judge
/S/ROBERT L. HUDSON, Judge
 
ATTEST:
/s/John D. Hadden
Clerk

OUJI-CR 4-13
ASSAULT AND BATTERY WITH A DANGEROUS WEAPON
BY USE OF A FIREARM -- ELEMENTS
No person may be convicted of assault/battery/(assault and battery) with a dangerous weapon by use of a firearm unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, (an assault)/(a battery)/(an assault and battery);

Second, upon another person;

Third
, by shooting at another (with a firearm)/(with an air gun)/ (conductive energy weapon)/(by any means);
Fourth, without justifiable or excusable cause;

Fifth, with intent to injure any person.
__________________________________
Statutory Authority: 21 O.S.2021, § 645.
Committee Comments
Section 645 of Title 21 forbids conduct which is among the lesser included offenses of section 652. Daniels v. State, 1978 OK CR 8, 574 P.2d 1050; Pettigrew v. State, 1967 OK CR 124, 430 P.2d 808; Tharpe v. State, 1961 OK CR 27, 358 P.2d 232. The principal distinguishing factor between the two statutes is the mental state of the defendant. Section 652 requires proof that the defendant specifically intended death as a result of his assault and battery, whereas section 645 requires proof that the defendant contemplated bodily harm or injury to his victim, but not necessarily death. Meggett v. State, 1979 OK CR 89, 599 P.2d 1110; Davis v. State, 1960 OK CR 6, 354 P.2d 466.
An assault or battery with a gun or other dangerous weapon in culpable where it is perpetrated without legal justification or excuse. Lane v. State, 1938 OK CR, 65 Okl. Cr. 192, 84 P.2d 807; cf. Terhune v. State, 1974 OK CR 233, 530 P.2d 557 (simple assault cannot be repelled with a deadly weapon where the assault is not such as to excite the assaulted person's fears, as a reasonable person, of death or great bodily harm).
Since section 645 requires that the offensive conduct be perpetrated either with a type of firearm or air gun or "other means whatever," or by means of a dangerous weapon, a definition of "other means" and "dangerous weapon" is appropriate. The Court of Criminal Appeals has invoked the rule of ejusdem generis in construing section 645, ruling that "other means whatever" refers only to weapons similar to or in the class of firearms and air guns. Smith v. State, 1944 OK CR 52, 79 Okl. Cr. 1, 151 P.2d 74.
---
In reference to those implements which might be termed "dangerous" for purposes of section 645, clearly those deemed "deadly" as a matter of law when used in the ordinary manner contemplated by their design and construction, must also be considered "dangerous" for purposes of section 645. Beeler v. State, 1959 OK CR 9, 334 P.2d 799, 806, citing former 21 O.S. 1951, § 1271 (repealed 1971). As discussed in the Commission Comment pertinent to section 652, such per se dangerous weapons include "any pistol, revolver, dagger, bowie knife, dirk knife, switch-blade knife, spring-type knife, sword cane, knife having a blade which opens automatically, ... black-jack, loaded cane, billy, hand chain, metal knuckles ...." Former 21 O.S. 1951, § 1271 (repealed 1971). For a list of dangerous weapons, see OUJI-CR 4-28, supra.
If the device used by the defendant in the assault or battery is not dangerous per se, reference must be made to the manner of its use in the circumstances of the case, so that the jury can determine, as a factual matter, whether an ordinary implement took on the character of dangerousness by the way in which the defendant wielded it. Bourbonnais v. State, 1912 OK CR 294, 7 Okl. Cr. 717, 122 P. 1131. The court has consistently stressed:
The use of a dangerous weapon is what distinguishes the crime of an assault with a dangerous weapon with intent to do bodily harm from a simple assault. A dangerous weapon is one likely to produce death or great bodily injury by the use made of it, or perhaps it is more accurately described as a weapon which in the manner it is used or attempted to be used endangers life or inflicts great bodily harm.

Wilcox v. State
, 1917 OK CR 137, 13 Okl. Cr. 599, 601, 166 P. 74, 75. See also Smith, supra. at 82-85. When appropriate proof of the use made by the defendant of the particular item in committing the offensive conduct is adduced, the court has found a variety of items sufficiently "dangerous" to warrant conviction under section 645. See, e.g., Barnes v. State, 1971 OK CR 445, 490 P.2d 783 (beer glass); Hay v. State, 1968 OK CR 209, 447 P.2d 447 (feet clad with shoes); Bald Eagle v. State, 1960 OK CR 73, 355 P.2d 1015 (beer bottle); Strahan v. State, 1955 OK CR 71, 284 P.2d 744 (automobile window crank); Lott v. State, 1950 OK CR, 92 Okl. Cr. 324, 223 P.2d 147 (automobile); Tipler v. State, 1943 OK CR, 78 Okl. Cr. 85, 143 P.2d 829 (leather strap); Beck v. State, 1941 OK CR, 73 Okl. Cr. 229, 119 P.2d 865 (chair, stick, clock).
Although the instruction describes the implement used to perpetrate the crime in the categorical terms of the statute, where the proof adduced shows that the assaultive means is known, the court should substitute the particular weapon involved for the broad categorical terms.
The mere fact that the defendant used a particular device in a manner likely to produce injury or great bodily harm does not alleviate the necessity of proving that the defendant specifically intended to inflict such corporal harm. For example, in Eckhart v. State, 1956 OK CR 6, 292 P.2d 451, the defendant fired a shot at some laborers working on the roof of the building in which the defendant lived. The events leading up to the altercation included the facts that the workmen had disconnected the defendant's air conditioning on the previous day, and that they had begun working on the room at 5:30 a.m. on the day of the shooting. The defendant was awakened when chunks of plaster were dislodged from his ceiling and struck him as he lay in bed. One of the workmen stood only a few feet from the defendant as the defendant fired the shot. The court reduced the defendant's conviction for assault with a dangerous weapon to simple assault, on the ground that the defendant's intent to injure someone was not established by these circumstances. At most, the court believed that the defendant was provoked by the incidents of the past day and fired a shot in order to scare the workmen and to demonstrate his grievance.
Intent is negated by the occurrence of an accident, so long as the accident producing the injury occurred while the defendant was acting in a lawful manner, with reasonable regard for the safety of others. Lane v. State, supra. Thus, if the defendant armed himself for purposes of assaulting the victim, rather than to ward off an attack, the fact that the gun discharged accidentally furnishes no defense. Lane, supra.
The existence of specific intent to harm or injure is a question of fact for the jury. Hart v. State, 1971 OK CR 258, 488 P.2d 158; Washington v. State, 1967 OK CR 59, 426 P.2d 372.
The instruction is set forth in alternative formulations in the interests of clarity. Where the injury is inflicted by means of a dangerous weapon, the defendant will generally be aware of the identity of the victim, so that the intent is to wound that particular person. However, where the defendant shoots with intent to injure one person, the fact that an unintended victim is assaulted does not alleviate the offense. Jones v. State, 1973 OK CR 151, 508 P.2d 280.
A comment regarding proof of specific intent to harm under section 645 is warranted. The Court of Criminal Appeals has held on many occasions that the particular use to which an automobile is put by the defendant may render it a dangerous weapon. Hart, supra; Washington, supra; State v. Hollis, 1954 OK CR 98, 273 P.2d 459. However, the court has further ruled that the defendant's culpable or wanton negligence in the operation of his automobile suffices to substitute for and to supply the requisite intent to do bodily harm under section 645. Matin v. State, 1958 OK CR 113, 333 P.2d 585; Lott v. State, supra; Beck v. State, supra. These cases involved gross intoxication on the part of the defendants.
However, in view of the enactment of the negligent homicide statute in 1961, section 11-903 of Title 47, and the court's interpretation of this statute in subsequent cases, a question regarding the scope of the rule articulated in the aforementioned cases is raised. Section 11-903 provides that a person who causes the death of another through operation of a vehicle in "reckless disregard for the safety of others" is culpable for negligent homicide. The court has held that all forms of behavior of the reckless driving ilk which cause death are exclusively covered by this statute. Short v. State, 1977 OK CR 44, 560 P.2d 219. However, where the defendant is guilty of driving while intoxicated and such conduct produces death, this conduct removes a consequent homicide from the definition of "negligent homicide," and renders a conviction for manslaughter in the first degree appropriate. Lomahaitewa v. State, 1978 OK CR 67, 581 P.2d 43; White v. State, 1971 OK CR 141, 483 P.2d 751; Ritchie v. Raines, 1962 OK CR 101, 374 P.2d 772.
Although the court's construction of the intent to do bodily injury element of section 645 where the defendant is intoxicated and causes injury through his vehicle is consistent with the court's interpretation of the vehicular homicide statute, it is submitted that the substitution of specific intent to harm by culpable negligence is limited to cases involving intoxication. Otherwise, a more severe punishment for reckless driving that produces injury would be possible than for reckless driving that causes death.
 

OUJI-CR 4-26D
ASSAULT AND BATTERY -- DOMESTIC ABUSE
- STRANGULATION - ELEMENTS
No person may be convicted of domestic abuse by strangulation unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, willful;

Second, unlawful;

Third
, attempting or offering to use force or violence; and
Fourth, the use of force or violence;

Fifth, was against the person of a [Specify Applicable Relationship in 21 O.S.2011, § 644(J)];

Sixth, with the intent to cause great bodily harm by strangulation/(attempted strangulation).
Strangulation means any kind of asphyxia, including but not limited to, closure of the (blood vessels)/air passages)/nostrils/mouth as a result of external pressure on the head/neck.
__________________________________
Statutory Authority: 21 O.S.Supp.2023, § 644(J).
Committee Comments

The relationships listed in 21 O.S. 2011, § 644(J) are "a current or former spouse, a present spouse of a former spouse, a former spouse of a present spouse, parents, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is or was in a dating relationship as defined by section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has had a child, a person who formerly lived in the same household as the defendant, or a person living in the same household as the defendant."_

OUJI-CR 4-28
ASSAULT, BATTERY, ASSAULT AND BATTERY - DEFINITIONS

Dangerous Weapon - Any pistol/revolver/shotgun/rifle/ dagger/ (bowie/dirk/switch-blade/spring-type knife)/(sword cane)/(knife having a blade which opens automatically)/blackjack/(loaded cane)/billy/(hand chain)/(metal knuckles)/(implement likely to produce death or great bodily harm in the manner it is used or attempted to be used).
References: Wilcox v. State, 13 Okl. Cr. 599, 166 P. 74 (1917); 21 O.S. Supp. 2000 2021, § 1272.

Deadly Weapon - Any instrument designed or constructed to cause death or great bodily injury. A pistol/revolver/dagger/(bowie/dirk/switch-blade/spring-type knife)/(sword cane)/(knife having a blade which opens automatically)/blackjack/(loaded cane)/billy/(hand chain)/(metal knuckles) is a deadly weapon.
References: Beeler v. State, 1959 OK CR 9, 334 P.2d 799; 21 O.S.2001 2021, § 1272.

Decrepit - Physically impaired by old age, physical defects, or infirmities.
Reference: Herrington v. State, 1960 OK CR 45, 352 P.2d 931.

Execution of Legal Process - Carrying out or enforcement of a judgment, decision, or order of a court.
References: Black's Law Dictionary 510 (5th ed. 1979); 15A Words and Phrases 265; 34 Words and Phrases 245.

Firearm - Weapon from which a shot or projectile is discharged by force of a chemical explosive such as gunpowder. An airgun, such as a carbon dioxide gas-powered air pistol, is not a firearm within the meaning of the definition.
References: 21 O.S. 2001 2021, §§ 1289.3 et seq.; Black's Law Dictionary 570 (5th ed. 1979); Thompson v. State, 1971 OK CR 328, ¶ 8, 488 P.2d 944, 947, overruled on other grounds, Dolph v. State, 1974 OK CR 46, ¶ 10, 520 P.2d 378, 380-81.

Force - Any touching of a person regardless of how slight may be sufficient to constitute force. Such touching may be brought about directly or indirectly by defendant.
Reference: R. Perkins, Criminal Law 80 (2d ed. 1969).

Great Bodily Injury - (Bone fracture)/(protracted and obvious disfigurement)/(protracted loss/impairment of the function of a (body part)/organ/ (mental faculty)/(substantial risk of death).
Reference: 21 O.S. Supp. 2002, § 646.

Intentional - Deliberate; with knowledge of the natural and probable consequences.
References: Davis v. State, 1960 OK CR 6, 354 P.2d 466; Tyner v. United States, 2 Okl. Cr. 689, 103 P. 1057 (1909).

Knowingly - Personally aware of the facts.
Reference: 21 O.S. 2001, § 96.

Known - With personal awareness of the facts.
Reference: 21 O.S. 2001, § 96.

Maiming - Note: see maiming instruction, OUJI-CR 4-113.

Malicious - The term imports a wish to vex, annoy or injure another person.
Reference: 21 O.S. 2001, § 95.

Procured - Brought about or obtained.
Reference: Black's Law Dictionary 1087 (5th Ed. 1979).

Robust - Having strength or vigorous health.
Reference: Webster's Third New International Dictionary 1964 (1961).

Unlawful - Without legal justification.
Reference: 91 C.J.S. Unlawful 491.

While in the Performance of His/Her Duties - While acting in relation to law enforcement for the benefit of the general public, regardless of whether or not those acts are performed while "off duty" from the actor's regular police department or law enforcement employment; not including, however, those acts performed off duty for a private employer.
References: Brooks v. State, 1977 OK CR 96, 561 P.2d 137; Stewart v. State, 1974 OK CR 173, 527 P.2d 22.

Willful - Purposeful. "Willful" does not require any intent to violate the law, or to injure another, or to acquire any advantage.
Reference: 21 O.S. 2001, § 92.

Wrongful - Without justification or excuse.
Reference: Bartell v. State, 4 Okl. Cr. 135, 111 P. 669 (1910). _

OUJI-CR 4-39
SEXUAL ABUSE/EXPLOITATION OF CHILDREN - ELEMENTS
No person may be convicted of the sexual abuse/exploitation of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for a child's health, safety or welfare;

Second, willfully/maliciously engaged in;

Third, engaged in (sexual intercourse)/(penetration of the vagina or anus, however slight, by an inanimate object or any part of the human body not amounting to sexual intercourse)/sodomy/incest/(a lewd act/proposal)/(specify other sexual abuse)];

Fourth, of/with/to a child under the age of eighteen/twelve.

OR

First, a person willfully/maliciously;

Second, committed [specify underlying crime listed in 21 O.S. § 843.5(O)(4)];
Third, the elements of [specify underlying crime listed in 21 O.S. § 843.5(O)(4)] are: [specify the elements from the underlying crimes listed in 21 O.S. § 843.5(O)(4)];
Fourth, of/with/to a child under the age of eighteen/twelve.
Statutory Authority: 21 O.S. 2021, § 843.5(E), (F), (H), (I), (O)(3), (O)4).
Notes on Use

The trial court should give a separate instruction on the elements of the particular sexual abuse or sexual exploitation that has been alleged. The various types of child sexual abuse and child sexual exploitation are listed in 21 O.S. 2021, § 843.5(O)(3), (4). In prosecutions for child sexual abuse, the trial court should instruct the jury using the definitions found in 21 O.S. 2021, § 843.5(O)(3), rather than from other statutes, which may be different. For example, the definition of "lewd act or proposal" in 21 O.S. 2021, § 843.5(O)(10) differs from the elements of lewd molestation in 21 O.S. 2021, § 1123(A)(5) because the § 843.5(O)(10) definition does not contain the requirement that the victim be under sixteen (16) years of age.
If evidence is presented that the victim was under the age of twelve at the time of the alleged crime, OUJI-CR 10-13D and verdict form 10-14A should be used. See Chadwell v. State, 2019 OK CR 14, 446 P.3d 1244, and Williams v. State, 2021 OK CR 19, 496 P.3d 621.
OUJI-CR 4-35, supra, should be used if the defendant is charged with child abuse.
Committee Comments

The decision of the Oklahoma Court of Criminal Appeals in In A.O. v. State, 2019 OK CR 18, 447 P.3d 1179, has been superseded in part by the 2021 amendments to 21 O.S. 2021 § 843.5 involving child sexual abuse. In A.O. v. State, the Oklahoma Court of Criminal Appeals decided that the State was required to prove the elements of the underlying crime involving child sexual abuse beyond a reasonable doubt. Id. at ¶ 9, 447 P.3d at 1182. The defendant in A.O. was originally charged with sexual battery under 21 O.S. Supp. 2019, § 1123(B), but the State was unable to prove the necessary elements under § 1123, because of the ages of the defendant and the victim. The defendant was then adjudicated as a delinquent child for child sexual abuse under 21 O.S. Supp. 2019, § 843(E), but the Court of Criminal Appeals reversed, because the State did not prove the elements of the underlying crime.
The Oklahoma Court of Criminal Appeals directed the use of a differently worded instruction for cases under 10 O.S. Supp. 1995, § 7115 in Huskey v. State, 1999 OK CR 3, ¶ 12, 989 P.2d 1, 7. A.O. v. State overruled Huskey, 2019 OK CR 18, ¶ 10, 447 P.3d 1179, 1182.

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."
Enhanced punishment for sexual abuse and sexual exploitation of children under the age of twelve was added in 2007.
_

OUJI-CR 4-39A
SEXUAL EXPLOITATION OF CHILDREN - ELEMENTS
No person may be convicted of the sexual exploitation of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person willfully/maliciously;

Second, committed [specify underlying crime listed in 21 O.S. § 843.5(O)(4)];

Third, the elements of [specify underlying crime listed in 21 O.S. § 843.5(O)(4)] are: [specify the elements for the underlying crimes listed in 21 O.S. § 843.5(O)(4)];

Fourth, of/with/to a child under the age of eighteen.
Statutory Authority: 21 O.S. 2021, § 843.5(H), (I), (O)(4).
Notes on Use
The various types of child sexual exploitation are listed in 21 O.S. 2021, § 843.5(O)(4). In prosecutions for child sexual exploitation the court should use the elements from the underlying statute listed in 21 O.S. 2021, § 843.5(O)(4).
If evidence is presented that the victim was under the age of twelve at the time of the alleged crime, OUJI-CR 10-13D and verdict form 10-14A should be given. See Chadwell v. State, 2019 OK CR 14, 446 P.3d 1244, and Williams v. State, 2021 OK CR 19, 496 P.3d 621.
Committee Comments
The decision of the Oklahoma Court of Criminal Appeals in A.O. v. State, 2019 OK CR 18, 447 P.3d 1179, has been superseded in part by the 2021 amendments to 21 O.S. 2021 § 843.5 involving child sexual abuse. In A.O. v. State, the Oklahoma Court of Criminal Appeals decided that the State was required to prove the elements of the underlying crime involving child sexual abuse beyond a reasonable doubt. Id. at ¶ 19, 447 P.3d at 1182. The defendant in A.O. was originally charged with sexual battery under 21 O.S. Supp. 2019, § 1123(B), but the State was unable to prove the necessary elements under § 1123, because of the ages of the defendant and the victim. The reasoning in A.O. applies to child sexual exploitation.
Enhanced punishment for sexual exploitation of children under the age of twelve was added in 2007.
 

OUJI-CR 4-40D
CRIMES AGAINST CHILDREN - DEFINITIONS
Abandonment of a child -
A willful refusal or failure to adequately provide for a child, and not a mere failure on account of inability.
References: 21 O.S. 2021, § 853; Bingham v. State, 1971 OK CR 322, ¶ 9, 488 P.2d 603, 604; Rowden v. State, 1964 OK CR 120, ¶ 11, 397 P.2d 515, 517.
Committee Comments
A different definition of abandonment is found in the Oklahoma Children's Code at l0A O.S. 2021, § 1-1-105(1). The above definition is more appropriate for the criminal context than the definition in the Oklahoma Children's Code, which applies to termination of parental rights.

Child -
Any person under eighteen years of age.
Committee Comments
Although l0A O.S. 2021, § 1-1-105(8) defines a child as an unmarried person under the age of 18, the Committee has concluded this definition should not be applied to limit the scope of 21 O.S. 2021, § 843.5 to unmarried persons because the plain language of section 843.5 specifies that it applies to a child under the age of eighteen without any limitation that the child must be unmarried.

The Oklahoma Court of Criminal Appeals has decided that the child neglect statute, 21 O.S. 2021, § 843.5, includes protection for an unborn child. State v. Allen, 2021 OK CR 14, ¶ 7, 492 P.3d 27, 29; State v. Green, 2020 OK CR 18, ¶ 12, 474 P.3d 886, 891.
Child Abuse -

Willful/Malicious (harm)/(threatened harm)/(failure to protect from (harm)/(threatened harm)) to the health, safety, or welfare of a child by a person responsible for the child's health, safety, or welfare.

OR
Willfully/Maliciously injuring/torturing/maiming a child under the age of eighteen.
Reference: 21 O.S. 2021, § 843.5(O)(1)
Notes on Use
This definition is to be used with OUJI-CR 4-40B supra for child endangerment.

Child Neglect -
The willful/malicious neglect of a child under eighteen (18) years of age by a person responsible for a child's health, safety or welfare.
Reference: 21 O.S. 2021, § 843.5(O)(2).

Child Sexual Abuse -
The willful/malicious sexual abuse of a child under eighteen (18) years of age by a person responsible for a child's health, safety or welfare and includes, but is not limited to: (sexual intercourse)/(penetration of the vagina or anus, however slight, by an inanimate object or any part of the human body not amounting to sexual intercourse)/sodomy/incest/(a lewd act/proposal).
Reference: 21 O.S. 2021, § 843.5(O)(3).

Child Sexual Exploitation -
The willful/malicious sexual exploitation of a child under eighteen (18) years of age and includes, but is not limited to: (human trafficking that involved child trafficking for commercial sex)/(trafficking in children, if the offense was committed for the sexual gratification of any person)/(procuring/causing the participation of a minor in child pornography)/(purchase/procurement/ possession of child pornography)/((engaging in)/soliciting prostitution, if the offense involved child prostitution)/(publication/distribution/participation in the preparation of obscene material, if the offense involved child pornography)/(aggravated possession of child pornography)/(sale/ distribution of obscene material)/(soliciting sexual conduct/communication with a minor by use of technology)/(offering/transporting a child for purposes of prostitution/(child prostitution).
Reference: 21 O.S. 2021, § 843.5(O)(4).

Enabling Child Abuse -
The causing/procuring/permitting of child abuse by a person responsible for a child's health, safety or welfare.
Reference: 21 O.S. 2021, § 843.5(O)(5).

Enabling Child Neglect -
The causing/procuring/permitting of child neglect by a person responsible for a child's health, safety or welfare.
Reference: 21 O.S. 2021, § 843.5(O)(6).

Enabling Child Sexual Abuse -
The causing/procuring/permitting of child sexual abuse by a person responsible for a child's health, safety or welfare.
Reference: 21 O.S. 2021, § 843.5(O)(7).

Enabling Child Sexual Exploitation -
The causing/procuring/permitting of child sexual exploitation by a person responsible for a child's health, safety or welfare.
Reference: 21 O.S. 2021, § 843.5(O)(8).

Harm/(Threatened Harm) to the Health or Safety of a Child -
Any real/threatened physical/mental/emotional injury/damage to the body/mind that is not accidental.
Reference: 10A O.S. 2021, § 1-1-105(2)(a).
Committee Comments
The definition of "abuse" in 10A O.S. 2021, § 1-1-105(2) states that it involves harm or threatened harm to the health, safety, or welfare of a child, and then the statute defines "harm or threatened harm to the health or safety of a child." The statutes, however, do not provide a definition of harm or threatened harm to the welfare of a child.

Incest -
Marrying/(Committing adultery)/Fornicating with a child by a person responsible for the health, safety or welfare of a child.
Reference: 21 O.S. 2021, § 843.5(O)(9).

Knowingly-
With personal awareness of the facts.
Reference: 21 O.S. 2011 2021, § 96.

Lewd Act or Proposal -

(Making any oral/written/electronic/computer-generated lewd/indecent proposal to a child for the child to have unlawful sexual relations/intercourse with any person)/((Looking upon)/Touching/Mauling/Feeling the body/(private parts of a child) (in a lewd/lascivious manner)/(for the purpose of sexual gratification)/(Asking/Inviting/Enticing/Persuading any child to go alone with any person to a secluded/remote/secret place for a lewd/lascivious purpose)/(Urinating/Defecating upon a child)/(Causing/Forcing/Requiring a child to defecate/urinate upon the body/(private parts) of another person for the purpose of sexual gratification)/(Ejaculating upon/(in the presence of) a child/(Causing/Exposing/Forcing/Requiring a child to look upon the body/(private parts of another person) for the purpose of sexual gratification)/(Causing/Forcing/Requiring any child to view any (obscene materials)/(child pornography)/(materials deemed harmful to minors)/(Causing/Exposing/Forcing/Requiring a child to look upon sexual acts performed in the presence of the child for the purpose of sexual gratification)/(Causing/Forcing/Requiring a child to touch/feel the body/(private parts) of the child/(another person) for the purpose of sexual gratification).
Reference: 21 O.S. 2021, § 843.5(O)(10).

Maiming -
Infliction on another of a physical injury that disables or disfigures or seriously diminishes physical vigor, performed with the intent to cause any injury.

Malicious -
The term imports a wish to vex, annoy or injure another person.
Reference: 21 O.S. 2021, § 95.

Neglect -
Failure or omission to provide a child under the age of eighteen with [select from the following: adequate (nurture and affection)/food/clothing/shelter/ sanitation/hygiene/(appropriate education)/(medical/dental/(behavioral health) care/supervision/(appropriate caretakers) to protect the child from harm/(threatened harm) of which any reasonable and prudent person responsible for the child's health, safety or welfare would be aware]/(special care made necessary for the child's health and safety by the physical/mental condition of the child)].
OR
Failure or omission to protect a child under the age of eighteen from exposure to: [select from the following: the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).]
OR
Abandonment of a child under the age of eighteen.
Reference: 10A O.S. 2021, § 1-1-105(49).

Person Responsible for a Child's Health, Safety or Welfare -
A parent/(legal guardian)/custodian/(foster parent)/(a person eighteen (18) years of age or older with whom the child's parent cohabitates, who is at least three (3) years older than the child)/(a person eighteen (18) years of age or older residing in the home of the child, who is at least three (3) years older than the child)/(an owner/operator/agent/employee/volunteer of a public/private [residential home/institution/facility]/[day treatment program] that the child attended)/(an owner/operator/employee/volunteer of a child care facility that the child attended)/(an intimate partner of the parent of the child)/(a person who has voluntarily accepted responsibility for the care or supervision of the child).
Reference: 21 O.S. 2021, § 843.5(O)(12).

Permit-
To authorize or allow for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of abuse/neglect/(sexual abuse)/(sexual exploitation).
Reference: 21 O.S. 2021, § 843.5(O)(11).

Procure -

To induce or bring about.
References: Webster's Third New International Dictionary 1809 (2002); Black's Law Dictionary 1327 (9th ed. 2009).

Sexual Intercourse -

The actual penetration, however slight, of the vagina or anus by the penis.
Reference: 21 O.S. 2021, § 843.5(O)(13).

Sodomy-
Penetration, however slight, of the (mouth of the child by a penis)/(vagina of a person responsible for a child's health, safety or welfare, by the mouth of a child)/(mouth of the person responsible for a child's health, safety or welfare by the penis of the child)/(vagina of the child by the mouth of the person responsible for a child's health, safety or welfare).
Reference: 21 O.S. 2021, § 843.5(O)(13) ).

Torture -

Infliction of either great physical pain or extreme mental cruelty.
Reference: Berget v. State, 1991 OK CR 121, ¶ 31, 824 P.2d 364, 373; The Random House Dictionary (2d ed. 1988). But see Atterberry v. State, 1986 OK CR 186, ¶ 9, 731 P.2d 420, 423 (child abuse statute did not prohibit "threatened harm" or infliction of a"mental injury").

Unreasonable Force -

More than that ordinarily used as a means of discipline.
Reference: 21 O.S. 2021, § 844.

Willful -

Purposeful. "Willful" is a willingness to commit the act or omission referred to, but does not require any intent to violate the law or to acquire any advantage.
References: 21 O.S. 2021, § 92. Tarver v. State, 1982 OK CR 156, ¶¶ 12, 13, 651 P.2d 1332, 1334.
Committee Comments
Unlike other definitions of "willful" in these Uniform Jury Instructions, the definition of "willful" in OUJI-CR 4-40D deletes the phrase "or to injure another" in 21 O.S. 2011 2021, § 92. The Oklahoma Court of Criminal Appeals decided in Hockersmith v. State, 1996 OK CR 51, ¶ 12, 926 P.2d 793, 795, and Bannister v. State, 1996 OK CR 60, ¶¶ 5-6, 930 P.2d 1176, 1178, that the definition of "willful" in the context of a prosecution for the felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C), should not have eliminated the requirement of an intent to injure. The above definition of "willful" conforms to the Hockersmith and Bannister cases. In Fairchild v. State, 1999 OK CR 49, ¶¶ 32, 45, 998 P.2d 611, 619, 621-22, the Court of Criminal Appeals overruled the Hockersmith and Bannister cases, but the Court also directed that the above definition of "willful" should continue to be used in prosecutions for the felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C). Fairchild v. State, 1999 OK CR 49, ¶ 75, 998 P.2d at 626.

OUJI-CR 4-87B
LIFE WITHOUT PAROLE PROCEEDINGS - JUVENILES
By your verdict in the first part of this trial you have already found the defendant guilty of the crime of murder in the first degree. You must now determine the proper punishment.
Under the law of the State of Oklahoma, every person found guilty of murder in the first degree shall be punished by imprisonment for life without the possibility of parole, or imprisonment for life with the possibility of parole.
You are further instructed that [Defendant] was a juvenile when this crime was committed. The law regards juvenile offenders generally as having lesser moral culpability and greater capacity for change than adult offenders. An offender's youth matters in determining the appropriateness of the sentence in this case.
You are therefore instructed to consider, in determining the proper sentence, whether the defendant's youth and youth-related characteristics, the nature of the crime committed, as well as any other aggravating and mitigating circumstances that would justify imposing a higher or lower punishment, and the nature of the crime committed, reflect the defendant's transient immaturity as a juvenile; or, on the other hand, irreparable corruption and permanent incorrigibility.

No person who committed a crime as a juvenile may be sentenced to life without the possibility of parole unless you find beyond a reasonable doubt that the defendant is irreparably corrupt and permanently incorrigible.
Committee Comments
The Oklahoma Court of Criminal Appeals directed use of a similar Instruction in White v. State, 2021 OK CR 29, ¶ 16, 499 P.3d 762, 769-770 and the following Verdict Form in OUJI-CR 4-87D pending Legislative action in Stevens v. State, 2018 OK CR 11, ¶ 34, 422 P.3d 741, 750. The Committee deleted references to mitigating and aggravating circumstances to avoid confusion with death penalty concepts. In White the Court of Criminal Appeals provided a nonexhaustive list of factors concerning sentencing in a juvenile LWOP case. Id. at ¶¶ 14-15, 499 P.3d 762, 768.
_

OUJI-CR 4-87D B-1
LIFE WITHOUT PAROLE PROCEEDINGS - JUVENILE OFFENDER VERDICT FORM
IN THE DISTRICT COURT OF THE _____ JUDICIAL DISTRICT OF
THE STATE OF OKLAHOMA SITTING IN AND FOR _______ COUNTY
The State of Oklahoma )
)
Plaintiff, )
)
vs )
) Case No. __________
JOHN DOE, )
)
Defendant. )
VERDICT (SECOND STAGE)
COUNT 1 -- [CRIME CHARGED] MURDER IN THE FIRST DEGREE
We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:

Defendant is:
Guilty of the crime of Murder in the First Degree and fix punishment at ___________.

[Check and complete only one.]
____ the Defendant is irreparably corrupt and permanently incorrigible and sentence the Defendant to _____________________________________.
____ Defendant is not irreparably corrupt and permanently incorrigible and sentence the Defendant to life with the possibility of parole.
FOREPERSON

Committee Comments
The Oklahoma Court of Criminal Appeals directed use of this Verdict Form in White v. State, 2021 OK CR 29, ¶ 16, 499 P.3d 762, 769-770.

OUJI-CR 4-87C
LIFE WITHOUT PAROLE PROCEEDINGS -

JUVENILE OFFENDER - CLOSING CHARGE

Should you unanimously find that the State has proven the Defendant is irreparably corrupt and permanently incorrigible beyond a reasonable doubt, you are authorized to consider, but not requited to impose, a sentence of life without the possibility of parole. If you do not unanimously find beyond a reasonable doubt that the State has proven the Defendant is irreparably corrupt and permanently incorrigible, you are prohibited from considering a sentence of life without the possibility of parole. In that event, the sentence must be imprisonment for life with the possibility of parole.

All the previous instructions given to you in the first part of this trial apply where appropriate, except that in this part of the trial you may consider the defendant's youth and youth-related characteristics, the nature of the crime committed, as well as any other circumstances that would justify imposing a higher or lower punishment.
You must consider all the previous instructions that apply together with these additional instructions and not just part of them. Together they contain all the law and rules you must follow in deciding this case.
The sentencing option of life without the possibility of parole should be understood in its plain and literal sense and that the person sentenced will not be eligible for parole.
You have already elected a foreperson. Proper forms of verdict will be given to you which you shall use in expressing your decision. Any sentence you return must be unanimous. When you have decided on the proper punishment, you shall fill in the appropriate space on the verdict form and return it to the court.
The law provides that you shall now listen to and consider the further arguments of the attorneys.
Committee Comments

The Oklahoma Court of Criminal Appeals directed use of this Instruction and the following Verdict Form in OUJI-CR 4-87D pending Legislative action in Stevens v. State, 2018 OK CR 11, ¶ 34, 422 P.3d 741, 750. This instruction is a modified version of the closing charge for death penalty proceedings in OUJI-CR 4-82. It includes the explanation from Littlejohn v. State, 2004 OK CR 6, ¶ 11, 85 P.3d 287, 294, that the punishment option of life without the possibility of parole should be understood in its "plain and literal sense and that the defendant will not be eligible for parole if sentenced to life imprisonment without the possibility of parole." OUJI-CR 10-13B should also be given to explain the operation of the 85% rule for a sentence of life imprisonment with the possibility of parole.
_

OUJI-CR 4-87C-1
LIFE WITHOUT PAROLE PROCEEDINGS -

JUVENILES - DEFINITIONS

Irreparably Corrupt -- No meaningful possibility exists that rehabilitation will make the defendant fit to reenter society.

Permanent Incorrigibility -- Serious misbehavior that proves defendant is the rare juvenile who has shown an inability to reform and will forever be a danger to society because of his total indifference to the life and safety of others.

Transient Immaturity -- The defendant's conduct was the result of temporary youth-related factors, such as chronological age, immaturity, impetuosity, and a failure to appreciate risks and consequences that suggest a possibility of rehabilitation.

Youth-related characteristics: Youth-related characteristics include, but are not limited to, evidence concerning the defendant's:
(1) chronological age and its hallmark features--among them, immaturity, impetuosity, and failure to appreciate risks and consequences;
(2) the incompetencies associated with youth--for example, inability to deal with police officers or prosecutors (including on a plea agreement) or incapacity to assist one's own attorneys; and
(3) whether the circumstances suggest possibility of rehabilitation.
Reference: White v. State, 2021 OK CR 29, ¶ 15, 499 P.3d 762, 768.

Committee Comments
These definitions are derived from Montgomery v. Louisiana, 136 S.Ct. 718 (2016); Miller v. Alabama, 567 U.S. 460 (2012); Graham v. Florida, 560
U.S. 48 (2010), Stevens v. State, 2018 OK CR 11, ¶ 2, 422 P.3d 741, 752 (Hudson, J., concurring); and Luna v. State, 2016 OK CR 27, 387 P.3d 956.

OUJI-CR 4-94
MANSLAUGHTER IN THE FIRST DEGREE
BY MISDEMEANOR-MANSLAUGHTER - ELEMENTS
No person may be convicted of manslaughter in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, the death of a human;

Second, occurring as a direct result of an act or event which happened in the commission of a misdemeanor;

Third, caused by [the defendant(s)]/[a person engaged with the defendant(s)] while in the commission of a the misdemeanor;

Fourth, the elements of the [Specify Underlying Misdemeanor] defendant(s) is/are alleged to have been in the commission of are as follows:

[Give Elements of Underlying Misdemeanor]
Statutory Authority: 21 O.S. 2011 2021, § 711(1).
Notes on Use
Accomplice and/or coconspirator instructions should be given where appropriate. For a definition of "direct result", see OUJI-CR 4-108, infra. 
Committee Comments

Scope of the misdemeanor-manslaughter rule. The misdemeanor-manslaughter rule, like the felony-murder rule, requires no particular mental state on the part of the defendant except that which is required for conviction of the underlying misdemeanor.
The Oklahoma Court of Criminal Appeals held in State v. Ceasar, 2010 OK CR 15, 237 P.3d 792, that any misdemeanor can be used as the underlying offense in a misdemeanor manslaughter charge. In Ceasar, the Court overruled the magistrate's sustaining of a demurrer for first degree manslaughter in the commission of a misdemeanor, where the predicate misdemeanor was for driving after revocation of a driver's license. The Court held that because 21 O.S. 2001, § 711(1) "does not distinguish among the type or category of misdemeanor which can be used as the underlying offense in a misdemeanor manslaughter charge," any misdemeanor would satisfy the initial step in charging misdemeanor manslaughter. 2010 OK CR 15, ¶ 10, 237 P.3d at 794. The Court followed Ceasar in State v. Haworth, 2012 OK CR 12, ¶ 19, 283 P.3d 311, 318 (overruling Short v. State, 1977 OK CR 44, 560 P.2d 219).

One final statutory demarcation concerning the scope of the misdemeanor-manslaughter statute is warranted. The vehicular or negligent homicide statute enacted in 1961, section 11-903 of Title 47, provides that a person who causes the death of another through operation of a vehicle in "reckless disregard of the safety of others" is culpable for negligent homicide. The Court has held that, where the underlying misdemeanor perpetrated by the defendant is an offense of the reckless driving ilk, the negligent-homicide statute applies to the exclusion of the first-degree manslaughter law. Short v. State, 1977 OK CR 44, 560 P.2d 219. However, where the misdemeanor offense is driving while intoxicated, in violation of section 11-901 of Title 47, such conduct removes a consequent homicide from the definition of "negligent homicide" at1d renders a conviction for manslaughter in the first degree appropriate. Lomahaitewa v. State, 1978 OK CR 67, 581 P.2d 43; White v. State, 1971 OK CR 141, 483 P.2d 751; Ritchie v. Raines, 1997 OK CR 101, 374 P.2d 772.

Proximate Cause. The broad range of conduct defined as violative of the criminal law, and thus constituting misdemeanor offenses, renders the misdemeanor-manslaughter rule, on its face, one of virtually unlimited application, appropriate to any instance where death ensues while the defendant is engaged in perpetration of a misdemeanor. For example, convictions for manslaughter in the first degree have been found appropriate where the defendant's underlying unlawful act was carrying a gun, Welborn v. State, 70 Okl. Cr. 97, 105 P.2d 187 (1940), or disciplining a child to the extent of committing assault and battery, Campbell v. State, 1976 OK CR 32, 546 P.2d 276.
The Court of Criminal Appeals, however, has circumscribed applicability of the doctrine by requiring that the offense the defendant was engaged in when death ensued must be the "direct and proximate cause" of the homicide. Logan v. State, 42 Okl. Cr. 294, 298, 275 P. 657, 658 (1929). In Logan, the seminal case, the Court affirmed the defendant's conviction for manslaughter in the first degree where the homicide with which the defendant was charged ensued while the defendant was driving at an unlawful rate of speed and in an intoxicated state. The Court reasoned that "[c]ertainly, the commission of a misdemeanor in no way connected with the death is not what is meant by the law." Id. at 295, 275 P. at 658. Examples cited by the Court where proximate cause would be absent were situations where the defendant unintentionally and otherwise without culpability struck and killed a person while driving without a vehicle tag, or struck and killed a person who had intentionally thrust himself into the path of the defendant's automobile while the defendant was driving at an excessive rate of speed.
This restriction, that the offense relied upon as a predicate for misdemeanor-manslaughter must directly and proximately cause the homicide, has been reiterated and adhered to in subsequent cases. Ruth v. State, 1978 OK CR 79, 581 P.2d 919; Nickelberry v. State, 1974 OK CR 81, 521 P.2d 879; Lime v. State, 1973 OK CR 178, 508 P.2d 710; Gallaway v. State, 1971 OK CR 507,492 P.2d 368; Chase v. State, 1963 OK CR 56, 382 P.2d 457. However, these cases also specify that omission of a proximate-cause instruction in a case where death is clearly the result of the defendant's unlawful act is not reversible error.
The Court has also stated that the instruction given need not be in any particular language, so long as it adequately informs the jurors of the necessity of finding a causal link. The Commission is reluctant to insert the term "proximate" or "legal" in the instruction, and has substituted "direct result" as a description of the necessary causal connection.
In State v. Ceasar, 2010 OK CR 15, 237 P.3d 792, the Oklahoma Court of Criminal Appeals overruled the magistrate's sustaining of a demurrer for first degree manslaughter in the commission of a misdemeanor, where the predicate misdemeanor was for driving after revocation of a driver's license. The Court decided that the misdemeanor for driving after revocation of a driver's license satisfied the proximate cause requirement for application of the misdemeanor­manslaughter rule, because the defendant's driving after revocation of his driver's license was a substantial factor in bringing about the victim's death. Id. ¶13, 237 P.3d at 795.
It should be observed that the Court's treatment of this question of causation and inherent nature of the offense is the converse of its resolution of the question in the felony-murder context, where, as discussed in the Committee Comments pertaining to first- and second-degree felony-murder, the Court has determined that the inherently or potentially dangerous nature of the underlying felony must be established, but that proximate cause need not be demonstrated. Wade v. State, 1978 OK CR 77, 581 P.2d 914.

"In the commission of." Although the Commission has recommended that the trial judge instruct the jurors regarding the breadth of the "in the commission of' language as embodied in the felony-murder statutes, it is the Commission's position that the proximate cause requirement, emphasized by use of the term "direct result" in the instruction, renders such an instruction superfluous in the misdemeanor-manslaughter context. The Commission has found no Oklahoma cases addressing this precise point.
Accomplice responsibility. Oklahoma precedent clearly provides that a person engaged in the commission of an inherently or potentially dangerous felony is culpable for murder where death ensues, regardless of whether he or a cofelon actually performs the slaying. Prior to the enactment of the current murder statutes, the Court of Criminal Appeals indicated that a felony-murder conviction might be sustained even where the slaying was performed by a police officer while the defendant was perpetrating a felony. See Johnson v. State, 1963 OK CR 91, 386 P.2d 336. The issue raised in the misdemeanor-manslaughter context is whether a similar result of accomplice responsibility obtains. The Commission has concluded that it does. The common law foundations for the misdemeanor-manslaughter rule justify accomplice responsibility for homicide. The historical limitation of the doctrine's applicability to situations where the underlying offense is malum in se was intended to punish the defendant for homicide whenever conduct in which he engages poses a peril to the lives and safety of others. R. Perkins, Criminal Law 73-79 (2d ed. 1969).
However, strict application of the proximate-cause requirement, which is the prevailing rule in Oklahoma, makes it difficult to conjure up a hypothetical situation where the defendant's conduct would be deemed the direct and proximate cause of the consequent death unless the defendant himself performed the slaying.

OUJI-CR 4-124
RAPE IN THE SECOND DEGREE - ELEMENTS
No person may be convicted of rape in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, sexual intercourse;

Second, with a person who is not the spouse of the defendant [and who may be of the same sex as the defendant];

[Third, where the victim was under the age of sixteen].
OR

[Third, where the victim was under the belief induced by the defendant that the victim was having intercourse with his/her spouse].
OR

[Third, where the victim was under the legal custody/supervision;

Fourth, of a (state/federal agency)/county/municipality/(political subdivision); and

Fifth, the defendant was an employee/(employee of a [subcontractor of a] contractor of)/the (state/federal agency)/county/municipality/(political subdivision) that exercised authority over the victim;].
OR

[Third, where the victim was between sixteen and twenty years of age;

Fourth, the victim was a student/(under the legal custody/supervision) of a/an (elementary/secondary school)/junior high)/high/(public vocational) school;

Fifth, the defendant was eighteen years of age or older; and

Sixth, the defendant was an employee of the victim's a school system].

OR

Third, where the victim was nineteen years of age or younger; and

Fourth, in the legal custody of a (state/federal agency)/(tribal court); and
Fifth, the defendant was a (foster parent)/(foster parent applicant).

OR-
[Fourth, where the victim was at least sixteen years of age but less than eighteen years of age; and
[Fifth, the defendant was a person responsible for the victim's health, safety or welfare].

OR
A person responsible for a child's health, safety or welfare includes, but is not limited to [Select applicable type of person]: a/an parent/(legal guardian)/custodian/(foster parent)/(person living with the child's parent and is eighteen year of age or older )/(adult residing in the child's home) /(agent/employee of a public/private (residential home/institution /facility)/(day treatment program)/(owner/operator/employee of a child care facility).

OR
[Third, where the victim was a student at a secondary school, was concurrently enrolled at an institution of higher education, and engaged in sexual intercourse with the defendant who was an employee of the institution of higher education of which the victim was enrolled. An "employee of an institution of higher education" means (faculty/(adjunct faculty) /instructors/volunteer)/(an employee of a business contracting with an institution of higher education who may exercise, at any time, institutional authority over the victim). [An employee of an institution of higher education shall not include an enrolled student who was not more than three (3) years of age or older than the concurrently enrolled student and who was employed or volunteering, in any capacity, for the institution of higher education.]
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.
Statutory Authority: 21 O.S. Supp. 2019 2022, § 1111, 21 O.S. 2011 2021, § 1114.
Notes on Use
The trial court should read the bracketed language in the second element only if the defendant was of the same sex as the victim. In the third element the trial court should read only the alternative (or alternatives) that is (or are) supported by the evidence. The trial court should read the bracketed language in the last sentence of the last alternative only if the defendant was not more than three years older than the victim.
Committee Comments
In all instances, the statutory age under which a victim is legally incapable of consenting to sexual intercourse is 16, section 1111(A)(l ). If a defense under section 1112 is unavailable, sexual intercourse with a person under 16 years of age is at least rape in the second degree, although if the victim is under 14 years of age, rape in the first degree is a possible charge. Even if the proof establishes that the victim is 13 years of age, a prosecution and conviction for rape in the second degree is proper because rape in the second degree is a lesser included offense of rape in the first degree. Hence, the first alternative in the third element simply indicates a victim under 16 years of age.
The other alternatives in the third element constitute, in fact or by law, sexual intercourse without the consent of the victim.
The age of the defendant is not an element of the crime of second-degree rape. If the prosecutor is uncertain whether it can be proved that the defendant has attained the age of 18, he/she can charge the defendant with second-degree rape and the conviction would be upheld although it is established that the defendant is over 18. Brasel v. State, 1929 OK CR 216, 291 P. 807, 48 Okl. Cr. 403. The age of the defendant may become relevant as a defense, however, under section 1112, if the victim is over 14 years of age and consents, and the defendant is under 18 years of age.
Oklahoma's rape shield law, 12 O.S. 2011 2021, § 2412, limits the use of evidence of the sexual behavior of the victim in prosecutions for sexual offenses.

OUJI-CR 4-125
RAPE BY INSTRUMENTATION IN THE FIRST DEGREE - ELEMENTS
No person may be convicted of rape by instrumentation in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, the person penetrated the anus/vagina;

Second, of any victim;

Third, with (an inanimate object)/(a part of the human body other than the penis); and

Fourth, without the victim's consent; and

Fifth, [List the Circumstance(s) Specified in Section 1111 Which Exist in This Case].
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.

OR

First, the person was eighteen years of age or older;

Second, the person was an employee of the victim's school system; and

Third, the person penetrated the anus/vagina;

Fourth, of a student /(person under the legal custody/supervision) of a public/private (elementary/secondary school)/(junior high) /high/(public vocational) school;

Fifth, who was at least sixteen years of age and less than twenty years of age;

Sixth, with (an inanimate object)/(a part of the human body other than the penis).
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.

OR

First, the defendant was an employee/(employee of a contractor of)/the (state/federal agency)/county/ municipality/(political subdivision); and

Second, who penetrated the anus/vagina;

Third, of a person who was under the legal custody/supervision;

Fourth, of the (state/federal agency) /county/municipality/(political subdivision) that employed the defendant;

Fifth, with (an inanimate object)/(a part of the human body other than the penis);
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.

OR

First, the defendant was a (foster parent)/(foster parent applicant);

Second, who penetrated the anus/vagina;

Third, of a person who was nineteen years of age or younger;

Fourth, with (an inanimate object)/(a part of the human body other than the penis);

Fifth, when the person was in the legal custody of a (state/federal agency)/(tribal court).
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.

OR

First, the defendant was an employee of the institution of higher education of which the victim was enrolled;
Second, who penetrated the anus/vagina;

Third, of a person who was a student at a secondary school, and was concurrently enrolled at an institution of higher education;

Fourth, with (an inanimate object)/(a part of the human body other than the penis). An "employee of an institution of higher education" means (faculty/(adjunct faculty)/instructors/ volunteer)/(an employee of a business contracting with an institution of higher education who may exercise, at any time, institutional authority over the victim). [An employee of an institution of higher education shall not include an enrolled student who was not more than three (3) years of age or older than the concurrently enrolled student and who was employed or volunteering, in any capacity, for the institution of higher education.]
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.
Statutory Authority: 21 O.S. 2011 & Supp. 2019 2021 & 2022, §§ 1111.1, 1113, 1114.
Notes on Use
This Instruction should be used for crimes committed on or after November 1, 2017. If the victim is a minor, OUJI-CR 4-138A must be given.
Committee Comments
The first alternative in this Instruction requires a specification of the circumstances from 21 O.S. 2011 2021, § 1111, while the other alternatives are for the circumstances in 21 O.S. Supp. 2019 2022, § 1111.1, where consent is not an element. OUJI-CR 4-126
RAPE BY INSTRUMENTATION
IN THE FIRST DEGREE (CHILD UNDER 14) - ELEMENTS
No person may be convicted of rape by instrumentation in the first degree unless the State has proved beyond a reasonable doubt each element of the crime.
These elements are:

First, penetration of the anus/vagina;

Second, of a child under fourteen years of age;

Third, by (an inanimate object)/(apart of the human body other than the penis).
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.
Statutory Authority: 21 O.S. 2001, §§ 1111.1, 1113, 1114.OUJI-CR 4-130

OUJI-CR 4-127
RAPE BY INSTRUMENTATION
IN THE SECOND DEGREE - ELEMENTS
No person may be convicted of rape by instrumentation in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, the person penetrated the anus/vagina;

Second, of any victim;

Third, with (an inanimate object)/(a part of the human body other than the penis);

Fourth, without the victim's consent;

Fifth, [List the Circumstance(s) Specified in Section 1111 Which Exist in This Case].
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.

OR

First, the person was eighteen years of age or older; and

Second, the person was an employee of the victim's school system, and

Third, who penetrated the anus/vagina;

Fourth, of a student/(person under the legal custody/supervision) of a public/private (elementary/secondary school)/(junior high)/high/(public vocational) school;

Fifth, who was at least sixteen years of age and less than twenty years of age.
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.

OR

First, the defendant was an employee/(employee of a contractor of)/the (state/federal agency)/county/municipality/(political subdivision); and

Second, who penetrated the anus/vagina;

Third, of a person who was under the legal custody/supervision;

Fourth, of the (state/federal agency)/county/municipality/(political subdivision) that employed the defendant.
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.

OR

First, the defendant was a (foster parent)/(foster parent applicant);

Second, who penetrated the anus/vagina;

Third, of a per son who was nineteen years of age or younger;

Fourth, when the person was in the legal custody of a (state/federal agency)/(tribal court).
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.
Statutory Authority: 21 O.S. Supp. 2015, § 1111.1, 21 O.S. 2011, §§ 1113, 1114.
Committee Comments
This Instruction should not be used for crimes after November 1, 2017. The crime of rape by instrumentation 21 O.S. 2011 Supp. 2015, § 1111.1, does not fall within the common law definition of rape. R. Perkins, Criminal Law 152 (2d ed. 1969). Before section 1111.1 was adopted in 1981, the acts constituting this crime would have fallen within the assault and battery crimes. Since section 1111.1 creates a specific crime covering acts falling within its purview, the State should charge under this specific statute rather than the general assault and battery statutes. 21 O.S. 2011, § 11.
Most elements of rape by instrumentation are self-explanatory. In reference to the first element, note that penetration of the mouth is not included within this offense. Such a forcible act would, however, be coveted by the crime against nature/forcible sodomy statutes, 21 O.S. 2011, §§ 886, 888. "Any sexual penetration, however slight, is sufficient to complete this crime." 21 O.S. 2011, §
1113.
The second element, "of another person,'' means just what it states. Under section 1111.1, spousal "rape" is specifically recognized. The Commission has concluded that the language "of another person,'' when used in conjunction with "penetration of the anus or vagina,'' means that a male can "rape" a male and a female can ''rape'' a female by instrumentation.

OUJI-CR 4-128
FORCIBLE SODOMY -- ELEMENTS
No person may be convicted of forcible oral sodomy unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, penetration;

Second, of the mouth/vagina of the defendant/victim;

Third, by the mouth/penis of the defendant/victim;

[Fourth, which is accomplished by means of force or violence, or threats of force or violence that are accompanied by the apparent power of execution.]
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, by a person over the age of eighteen on a child under the age of sixteen.]
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, committed upon a person incapable through mental illness or any unsoundness of mind of giving legal consent].
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, committed by a state/county/municipal/ (political subdivision) employee/contractor/[employee of a [subcontractor of a] contractor of (the state)/ (a county/municipality/(political subdivision of Oklahoma)] upon a person who was under the legal custody, supervision or authority of a (state agency)/county/ municipality/(political subdivision) of Oklahoma.
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, where the victim was at least sixteen but less than twenty years of age;

Fifth, the victim was a student of a (secondary school)/(junior high}/ high/(public vocational) school;

Sixth, the defendant was eighteen years of age or older; and

Seventh, the defendant was an employee of the victim's school system].
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

[Fourth, where the victim was a student at a secondary school and was concurrently enrolled at an institution of higher education; and
Fifth, the defendant was an employee of the institution of higher education of which the victim was enrolled. An "employee of an institution of higher education" means (faculty/(adjunct faculty)/instructors/volunteer) /(an employee of a business contracting with an institution of higher education who may exercise, at any time, institutional authority over the victim). [An employee of an institution of higher education shall not include an enrolled student who was not more than three (3) years of age or older than the concurrently enrolled student and who was employed or volunteering, in any capacity, for the institution of higher education.]
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, where the victim was at the time unconscious of the nature of the act and this fact was/(should have been) known by the defendant].
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

[Fourth, where the victim was intoxicated by a/an narcotic /(anesthetic agent);
[Fifth, (given by)/(with the knowledge of) the defendant;
[Sixth, as a means of forcing the victim to submit].
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, where the victim was at least sixteen years of age but less than eighteen years of age, and

[Fifth, the defendant was a person responsible for the victim's health, safety or welfare].
A person responsible for a child's health, safety or welfare includes, but is not limited to [Select applicable type of person]: a/an parent/(legal guardian)/custodian/(foster parent)/(person living with the child's parent and is eighteen years of age or older)/(adult residing in the child's home)/(agent/employee of a public/private (residential home/institution /facility)/(day treatment program)/(owner/operator/employee of a child care facility).
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.
Statutory Authority: 21 O.S. 2011 & Supp. 2019 2021 & Supp. 2022, §§ 886 - 888.
Notes on Use
This instruction is intended for use in forcible oral sodomy cases under 21 O.S. Supp. 2019 2022, § 888. It does not cover forcible anal sodomy, which constitutes the crime of rape and is covered by OUJI-CR 4-119 through 4-127.
The trial court should select the Fourth Element that is supported by the evidence. The Fourth Element should not be included for prosecutions under 21 O.S. 2011 2021, § 886.
The trial judge should pay particular attention to making sure the Second and Third Elements conform to the evidence at trial. In Collins v. State, 2009 OK CR 32 n.11, 223 P.3d 1014, 1018 n.11, the Court of Criminal Appeals stated that:
[I]n cases involving separate counts of forcible oral sodomy, where the crimes alleged involve different factual theories, it is advisable to instruct the jury with separate instructions. In particular, such instructions should make clear whether the crime alleged is forcing the victim to perform oral sex on the perpetrator (penetration of the mouth of the victim by the penis of the defendant) or forcing the victim to endure oral sex performed by the perpetrator (penetration of the vagina of the victim by the mouth of the defendant).
In addition, in the Second and Third Elements, the trial judge should not select the options of penetration of the vagina of the victim by the penis of the defendant, because that would constitute rape, and the appropriate instruction for rape should be used instead.
Committee Comments
Oklahoma has two sodomy statutes, 21 O.S. 2011 & Supp. 2016 2021, §§ 886, 888. Force is not an element of sodomy under 21 O.S. 2011 2021, § 886. Hinkle v. State, 1989 OK CR 4, ¶¶ 4-5, 771 P.2d 232, 233. Proof of force is required under 21 O.S. 2011 Supp. 2022, § 888, however, unless the victim was under 16 years of age, unconscious, intoxicated, or mentally ill, or the sodomy was committed by a state employee or contractor upon a person in the custody of a political subdivision of the State, or a student at a secondary school.
Section 886 has been held not to be unconstitutionally vague. Golden v. State, 1985 OK CR 9, ¶ 4, 695 P.2d 6, 7. However, in Post v. State, 1986 OK CR 30, ¶¶ 11-12, 715 P.2d 1105, 1109-10, the Oklahoma Court of Criminal Appeals declared it unconstitutional as violative of the right to privacy if applied to private consensual heterosexual activity. Accordingly, the jury should receive an instruction on the defense of consent in such cases if there is evidence of consent presented. Hinkle v. State, 1989 OK CR 4, ¶¶ 4-5, 771 P.2d 232, 233. In Garcia v. State, 1995 OK CR 85, ¶ 4, 904 P.2d 144, 145, the Court of Criminal Appeals ruled that it was error for the trial court to give an instruction for non-forcible sodomy (21 O.S. 2011 2021, § 886) as a lesser included offense of forcible sodomy (21 O.S. 2011 & Supp. 2016 2021, § 888), where the charge involved heterosexual activity and the defendant raised the defense of consent.
Penetration is required under 21 O.S. 2001 2021, § 887. Salyers v. State, 1988 OK CR 88, ¶ 7, 755 P.2d 97, 100. Corroboration of the victim's testimony is not required unless "the victim's testimony is so incredible or has been so thoroughly impeached that a reviewing court must say that the testimony is clearly unworthy of belief." Salyer v. State, 1999 OK CR 184, ¶ 22, 761 P.2d 890, 895.

[LEWD ACTS (MOLESTATION) WITH]/
[INDECENT PROPOSALS TO]
A CHILD UNDER SIXTEEN -- ELEMENTS
No person may be convicted of (lewd acts with)/(indecent proposals to) a child under sixteen unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, the defendant knowingly and intentionally;

Second, made a/an oral/written/(electronically/computer generated) lewd or indecent proposal;

Third, to a child/(person the defendant believed to be a child) under sixteen years of age;

Fourth, for the child to have unlawful sexual relations/intercourse with any person; and

Fifth, the defendant (was at least three years older than the child)/(was at least three years older than the purported child's age)/(used force/fear).

OR

First, the defendant knowingly and intentionally;

Second, (looked upon)/touched/mauled/felt;

Third, the body or private parts;

Fourth, of a child under sixteen years of age;

Fifth, in any lewd or lascivious manner; and

Sixth, the defendant (was at least three years older than the child)/(used force/fear).

OR

First, the defendant knowingly and intentionally;

Second, asked/invited/enticed/persuaded;

Third, a child/(person the defendant believed to be a child) under sixteen years of age;

Fourth, to go alone with any person;

Fifth, to a secluded/remote/secret place;

Sixth, with the unlawful and willful intent and purpose;

Seventh, to commit [Identify Crime Against Public Decency and Morality]; and

Eighth, the defendant (was at least three years older than the child)/(was at least three years older than the purported child's age)/(used force/fear).

OR

First, the defendant knowingly and intentionally;

Second, in a lewd and lascivious manner;

Third, for the purpose of sexual gratification;

Fourth, [urinated/defecated upon]/[ejaculated upon/(in the presence of)];

Fifth, a child under sixteen years of age; and

Sixth, the defendant (was at least three years older than the child)/(used force/fear).

OR

First, the defendant knowingly and intentionally;
Second, in a lewd and lascivious manner;
Third, for the purpose of sexual gratification;
Fourth, forced/required a child under sixteen years of age;
Fifth, to urinate/defecate [upon the body/(private parts) of another]; and
Sixth, the defendant (was at least three years older than the child)/(used force/fear).

OR

First, the defendant knowingly and intentionally;

Second, in a lewd and lascivious manner;

Third, for the purpose of sexual gratification;

Fourth, caused/exposed/forced/required a child under sixteen years of age;

Fifth, to look upon [the body/(private parts) of another person]/[sexual acts performed in the presence of the child]; and

Sixth, the defendant (was at least three years older than the child)/(used force/fear).

OR

First, the defendant knowingly and intentionally;

Second, in a lewd and lascivious manner;

Third, for the purpose of sexual gratification;

Fourth, forced/required a child under sixteen years of age;

Fifth, to touch/feel the body/(private parts) of (the child)/(another person); and

Sixth, the defendant (was at least three years older than the child)/(used force/fear).

OR

First, the defendant knowingly and intentionally;

Second, in a lewd and lascivious manner;

Third, for the purpose of sexual gratification;

Fourth, forced/required a child/(person the defendant believed to be a child) under sixteen years of age;

Fifth, to view (obscene materials)/(child pornography)/(materials deemed harmful to minors); and

Sixth, the defendant (was at least three years older than the child)/(was at least three years older than the purported child's age)/(used force/fear).
The words "lewd" and "lascivious" have the same meaning and signify conduct which is lustful and which evinces an eagerness for sexual indulgence.
______________________________
Statutory Authority: 21 O.S. 2011 Supp.2023, § 1123(A).
Notes on Use
The trial court should select the appropriate alternative elements according to the crime charged and the evidence presented. It may be appropriate for the trial court to set out the elements for a crime against public decency and morality in the third alternative, supra. Examples of crimes against public decency and morality include rape, sexual assault, sodomy, and lewd molestation.

If the prosecution is seeking punishment for a victim under twelve years of age and there is no factual dispute about the victim's age, the trial court should substitute "twelve" for "sixteen" in the first sentence and wherever else "sixteen" appears in the rest of the instruction. If there is a jury issue about whether the victim was under the age of twelve at the time of the crime, the court should require the jury to make a separate finding analogous to OUJI-CR 10-22 in the verdict form with respect to the age of the victim. In Chadwell v. State, 2019 OK CR 14, ¶ 3, 446 P.3d 1244, 1248 (J. Kuehn, concurring), Judge Kuehn suggested an instruction for OUJI-CR 10-13 on the issue of the age of the vicim.
Committee Comments
The Oklahoma Court of Criminal Appeals ruled that section 1123(A)(1) of title 21 was not unconstitutionally vague in Reed v. State, 1986 OK CR 64, ¶¶ 3-6, 718 P.2d 373, 374-75.
The definition of "lewd" and "lascivious" is taken from Reeves v. State, 1991 OK CR 101, ¶¶ 44-47, 818 P.2d 495, 504.
Corroboration of the victim's testimony is not required "unless such testimony appears incredible or so unsubstantial as to make it unworthy of belief." Jones v. State, 1988 OK CR 281, ¶ 10, 765 P.2d 800, 802.
In Barnard v. State, 2012 OK CR 15, ¶ 12, 290 P.3d 759, 763-64, the Oklahoma Court of Criminal Appeals decided that the crime of making an indecent proposal to a child applied to indecent proposals made to an undercover officer posing as a child. In cases where the defendant is accused of making indecent proposals to an undercover officer, the Fifth Element of the First Alternative (and the corresponding elements of other Alternatives) should read: "Fifth, the defendant was at least three years older than the purported child's age."

_
OUJI-CR 4-130
SEXUAL BATTERY -- ELEMENTS
No person may be convicted of sexual battery unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, the defendant intentionally;

Second, touched/felt/mauled;

Third, in a lewd and lascivious manner;

Fourth, the body/(private parts);

Fifth, of a person sixteen years of age or older;

Sixth, without his/her consent.

The words "lewd" and "lascivious" have the same meaning and signify conduct which is lustful and which evinces an eagerness for sexual indulgence.

OR

First, the defendant was a state/county/municipal/(political subdivision) employee/contractor/[ (subcontractor of a contractor)/[employee of a [subcontractor of a] contractor of (the state)/(a county/municipality/ (political subdivision of Oklahoma)] who;
Second, intentionally;

Third, touched/felt/mauled;

Fourth, in a lewd and lascivious manner;

Fifth, the body/(private parts);

Sixth, of a person sixteen years of age or older;

Seventh, who was under the legal custody, supervision or authority of the (state agency)/county/municipality/(political subdivision) of Oklahoma.

The words "lewd" and "lascivious" have the same meaning and signify conduct which is lustful and which evinces an eagerness for sexual indulgence.

OR

First, the defendant was eighteen years of age or older;

Second, the defendant who was an employee of the victim's school system;

Third, and intentionally;

Fourth, touched/felt/mauled;

Fifth, in a lewd and lascivious manner;

Sixth, the body/(private parts);

Seventh, of a person at least sixteen years of age and less than twenty years of age;

Eighth, who was a student/(person under the legal custody/supervision) of a public/private (elementary/secondary /(technology center) school.

[An "employee of the victim's school system" means a teacher, principal or other duly appointed person employed by a school system or an employee of a firm contracting with a school system who exercises authority over the victim.]
The words "lewd" and "lascivious" have the same meaning and signify conduct which is lustful and which evinces an eagerness for sexual indulgence.

OR

First, the defendant was a (foster parent)/(foster parent applicant); and

Second, intentionally;

Third, touched/felt/mauled;

Fourth, in a lewd and lascivious manner;

Fifth, the body/(private parts);

Sixth, of a person who was nineteen years of age or younger;

Seventh, when the person was in the legal custody of a (state/federal agency)/(tribal court).

OR
First, the defendant was an employee of the institution of higher education of which the victim was enrolled; and
Second, intentionally;
Third, touched/felt/mauled;
Fourth, in a lewd and lascivious manner;
Fifth, the body/(private parts);
Sixth, of a person who was a student at a secondary school, was concurrently enrolled at an institution of higher education. An "employee of an institution of higher education" means (faculty/(adjunct faculty)/instructors/volunteer)/(an employee of a business contracting with an institution of higher education who may exercise, at any time, institutional authority over the victim). [An employee of an institution of higher education shall not include an enrolled student who was not more than three (3) years of age or older than the concurrently enrolled student and who was employed or volunteering, in any capacity, for the institution of higher education.]
The words "lewd" and "lascivious" have the same meaning and signify conduct which is lustful and which evinces an eagerness for sexual indulgence.

[An "employee of the victim's school system" means a teacher, principal or other duly appointed per son employed by a school system or an employee of a firm contracting with a school system who exercises authority over the victim.]
Statutory Authority: 21 O.S. Supp. 2015 2022, § 1123(B).
Committee Comments
The definition of "lewd" and "lascivious" is taken from Reeves v. State, 1991 OK CR 101, ¶ 44-47, 818 P.2d 495, 504.

OUJI-CR 5-12
BURGLARY IN THE FIRST DEGREE -- ELEMENTS
No person may be convicted of burglary in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, breaking;

Second, entering;

Third, a dwelling;

Fourth, of another;

Fifth, in which a human is present;

Sixth, with intent to commit some crime therein;
______________________________
Statutory Authority: 21 O.S. 1991 2021, § 1431.
Committee Comments
The statutory definition of burglary in the first degree in 21 O.S. 1991 2021, § 1431 includes three alternative modes for breaking: "forcibly bursting or breaking the wall, or an outer door, window, or shutter of a window[,] or the locks or bolts of such door, or the fastening of such window or shutter"; "breaking in any other manner, being armed with a dangerous weapon or being assisted or aided by one or more confederates then actually present"; or "unlocking an outer door by means of false keys or by picking the lock thereof.". Nevertheless, the Oklahoma Court of Criminal Appeals has ruled that these modes do not need to be included in the jury instruction defining the elements of burglary. Cleary v. State, 1997 OK CR 35, ¶ 27, 942 P.2d 736, 745 (overruling Hendricks v. State, 1985 OK CR 39, 698 P.2d 477). However, the Court of Criminal Appeals subsequently ruled that the question of whether a particular door is an outer door "cannot be made by a bright line rule," but rather is a fact-intensive inquiry. State v. Busby, 2022 OK CR 4, ¶ 11, 505 P.3d 932, 935. If there is a factual question about whether a door that the defendant entered is an outer door, then the jury should be instructed on the relevant mode of breaking._

OUJI-CR 5-18
BURGLARY - DEFINITIONS

Breaking - Any act of physical force, however slight, by which obstructions to entering are removed.
References: Pack v. State, 1991 OK CR 109, ¶ 10, 819 P.2d 280, 283 (Okl. Cr. 1991); Williams v. State, 1988 OK CR 221, ¶ 11, 762 P.2d 983, 986 (Okl. Cr. 1988); Lewis v. State, 1987 OK CR 6, ¶ 5, 732 P.2d 1, 2 (Okl. Cr. 1987); 21 O.S. 1991 2021, § 1491.

Dwelling - Every house, building, or enclosed structure, any part of which has usually been occupied by any person(s) lodging therein; or any enclosed structure joined to and immediately connected with a house.
References: Tate v. State, 1976 OK CR 296, ¶ 8, 556 P.2d 1014, 1017 (Okl. Cr. 1976); Sallee v. State, 51 Okl. Cr. 414, 1931 OK CR 282, 1 P.2d 794, 795, 51 Okl. Cr. 414, 417 (1931); Harris v. State, 1928 OK CR 314, 41 Okl. Cr. 121, 271 P. 959 957, 41 Okl. Cr. 121, 123 (1928); Simpson v. State, 1911 OK CR 34, 5 Okl. Cr. 57, 113 P. 549, 552, 5 Okl. Cr. 57, 63 (1911); 21 O.S. 1991 2021, § 1439.

Entering - An entry which occurs when any part of a person's body is within the [Name of Object or Structure].

[Use If Applicable]
[However, if a tool or an instrument is used and inserted inside, without any part of the person being within the object or structure, it is an entry if the insertion of the tool or instrument is capable of completing the purpose of the intended crime.]
References: W. LaFave & A. Scott, Criminal Law § 96, at 710 (1972); R. Perkins, Criminal Law 198, 199 (2d ed. 1969).

Intent to Steal - Intent permanently to deprive the person in rightful possession of property without the possessor's consent.
References: Alvarado v. State, 1927 OK CR 361, 38 Okl. Cr. 360, 261 P. 983, 985, 38 Okl. Cr. 360, 367 (1927); Sullivan v. State, 1912 OK CR 169, 7 Okl. Cr. 307, 123 P. 569, 570, 7 Okl. Cr. 307, 309 (1912).

Of Another - Of any person who is in rightful possession of the property.
References: Calhoun v. State, 1991 OK CR 112, 820 P.2d 819, 821 (Okl. Cr. 1991); Byington v. State, 1961 OK CR 64, ¶ 5, 363 P.2d 301, 303 (Okl. Cr. 1961); Sallee v. State, 51 Okl. Cr. 414, 1931 OK CR 282, 1 P.2d 794, 795, 51 Okl. Cr. 414, 418 (1931); W. LaFave & A. Scott, Criminal Law § 96, at 712 (1972).

Confederate - One who assists in a plot._

OUJI-CR 5-108
MALICIOUS MISCHIEF (SECTION 1760) - ELEMENTS
No person may be convicted of malicious mischief unless the State has proved beyond a reasonable doubt each element of the crime. These element are:

First, maliciously;

Second, injuring, defacing or destroying injuring/defacing/destroying;

Third, property;

Fourth, of another;.

[Fifth, causing a loss with a total value of $1,000 or more.]
______________________________
Statutory Authority: 21 O.S. 1991 2021, § 1760.

Notes on Use
The bracketed language concerning the aggregate value of the loss should be included if the defendant is charged with a felony.
Committee Comments
The gravamen of the offense of malicious mischief is the mens rea element "maliciously." A person acts maliciously when that person acts without justification or excuse in doing damage or harm to the legal rights of another. Thus, a person who randomly slashes automobile tires, or who randomly breaks windows, is acting maliciously, even though the person slashing the tires or breaking the windows has no idea whose tires or windows are being damaged. McDaris v. State, 1973 OK CR 2, ¶ 5, 505 P.2d 502 (Okl. Cr. 1973). The word "maliciously" does not connote ill-will or hatred of the owner of the property on the part of the person doing the damage. See McDaris, supra, overruling expressly Moran v. State, 1957 OK CR 79, 316 P.2d 876 (Okl. Cr. 1957), and Colbert v. State, 1912 OK CR 194, 7 Okl. Cr. 401, 124 P. 78, 7 Okl. Cr. 401 (1912), on the issue of the mens rea requirement for the crime created by section 1760. McDaris also inferentially overruled Thissen v. State, 1922 OK CR 143, 21 Okl. Cr. 437, 209 P. 224, 21 Okl. Cr. 437 (1922), on this same point. Malicious mischief is, therefore, a crime meant for the protection of property per se, as opposed to protection of the property owner.
The conduct prohibited by the malicious-mischief statute is presented in the alternate language for the second element.
In contrast with the other property crimes, such as arson, larceny, embezzlement, and false pretenses, the statutory language of section 1760 indicates specifically that both real and personal property are protected. The third element, therefore uses the word "property."
Section 1760 is the general malicious-mischief statute. In accordance with the statutory language, section 1760 is to be used "in cases other than such as are specified in the following sections." Hence, if another statute covers a specific type of property, prosecution for damage to that type of property must be brought under the specific statute. Jackson v. State, 1991 OK CR 103, ¶ 14, 818 P.2d 910, 912 (Okl. Cr. 1991) ("if another statute covers a specific type of property, prosecution for damage to that property must be brought under the specific statute"); Church v. State, 1965 OK CR 117, ¶ 7 406 P.2d 517, 519 (Okl. Cr. 1965) (damage to an automobile must be brought under 21 O.S. 1991 2021, § 1787, or 47 O.S. 1991 2021, § 4-104); 21 O.S. 1991 2021, § 11.
Besides the general malicious-mischief statute in section 1760, there are a large number of specific statutes at 21 O.S. 1991 & Supp. 1995 2021, §§ 1751-1789 with special provisions that protect a wide variety of particular types of property, such as 21 O.S. 1991 & Supp. 1995 2021, §§ 1751-1752.2 (railroad property); 21 O.S. 1991 2021, § 1755 (tollhouses toll houses); 21 O.S. 1991 2021, § 1770-1773 (crops, trees, fruit, and flowers); and 21 O.S. 1991 2021, § 1786 (utility pipes and lines)._

OUJI-CR 6-14
DRUG OFFENSES: PUBLIC
DRUNKENNESS/INTOXICATION -- INTRODUCTION
The defendant is charged with public drunkenness/intoxication on [Date] in [Name of County] County, Oklahoma.
Notes on Use
This introductory instruction is appropriate for use with the offense of public drunkenness under 37 O.S. 1991, § 8. 37A O.S.2021, § 6-101(A)(8); (D)._

OUJI-CR 6-15
(PUBLIC DRUNKENNESS/INTOXICATION)/
(DISTURBING THE PEACE) - ELEMENTS
No person may be convicted of public drunkenness/ intoxication unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, that the defendant was drunk/intoxicated; and
Second, in a public place.

OR

First, that the defendant was drunk/intoxicated; and
Second, disturbed the peace of any person.
Statutory Authority; 37 O.S. 1991, § 8 37A O.S. 2021, § 6-101(A)(8); (D).
Notes on Use
The trial court should modify this instruction as appropriate for prosecutions for public consumption of alcohol or other intoxicants. 37A O.S. 2021, § 6-101(A)(8); (D)

OUJI-CR 6-18A
AGGRAVATED DRIVING UNDER THE INFLUENCE - ELEMENTS
No person may be convicted of aggravated driving a motor vehicle unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, driving;
Second, with a blood/breath alcohol concentration of 0.15 or more;
Third, a motor vehicle;

Fourth, on a (public road/street/highway/turnpike/

place)/(private road/street/alley/lane which provides access to one or more single or multi­ family dwellings);

[Fifth, the blood/breath alcohol test was administered on a sample taken from the defendant (within 2 hours after arrest)/(as soon as practical after the fatality/injury accident).]
Statutory Authority: 47 O.S. 2021, § l l-902(D).
_

2. POINTING/DISCHARGING A FIREARM
OUJl-CR 6-44A
DISCHARGING A FIREARM AT/INTO A BUILDING
No person can be convicted of discharging a firearm at/into a building unless the State proves each element of the offense to your satisfaction, beyond a reasonable doubt. These elements are:
First, the defendant willfully/intentionally discharged; 
Second, a firearm/(deadly weapon);
Third, at/into a dwelling/(building used for public/business purposes).
Statutory Authority: 21 O.S. 2021, § 1289.17A. OUJI-CR 9-9
EVIDENCE - PROOF OF OTHER CRIMES

[To Be Given When Proof of Other Crimes is Introduced and In the Final Instructions to the Jury].
You have received evidence that the defendant has allegedly committed misconduct/offenses/(an offense) other than that charged in the information. You may not consider this evidence as proof of the guilt or innocence of the defendant of the specific offense charged in the information/indictment. This evidence has been received solely on the issue of the defendant's alleged motive/opportunity/intent/preparation/ (common scheme or plan)/ knowledge/identity/(absence of mistake or accident). This evidence is to be considered by you only for the limited purpose for which it was received.
Statutory Authority: 12 O.S. 1991 2021, § 2404(B).
Notes on Use
Before admitting "other crimes" evidence, the trial court must determine that there is clear and convincing evidence that the defendant committed the extrinsic offense. See Burks v. State, l979 OK CR 10, ¶ 16, 594 P.2d 771, 775.

This limiting instruction should normally be given both at the time "other crimes" evidence is introduced and with the final instructions to the jury. See Burks v. State, supra, ¶ 17. However, the trial court is not required to give the instruction sua sponte unless the failure to do so would constitute plain error. See Jones v. State, 1989 OK CR 7, ¶ 5, 772 P.2d 922, 925; 2 Leo H. Whinery, Oklahoma Evidence § 15.14 (1994).
The trial court should be especially careful when giving more than one limiting instruction to avoid inconsistencies between them. See Lewis v. State, 1998 OK CR 24, ¶ 22, 970 P.2d 1158, 1168 (1imiting instructions on other crimes evidence and the basis of opinion testimony were confusing and contradictory when given together because the only evidence of other crimes came in as the basis of opinion testimony).
Committee Comments
This limiting instruction is not applicable to proof of prior convictions admitted on the issue of credibility. Section 2404(B) of the Oklahoma Evidence Code, 12 O.S. 1991 2021, § 2404(B), is a statutory enactment of the common law rule and is virtually identical to the federal counterpart. Cases proscribing the introduction by the prosecutor of evidence that the defendant perpetrated offenses other than that described in the information/ indictment in order to establish the defendant's propensity toward criminal behavior or that the defendant's character is consistent with the commission of the crime in question are legion. See, e.g., Fetter v. State, 1979 OK CR 77, 598 P.2d 262; Burks v. State, l979 OK CR 10, 594 P.2d 771; Coats v. State, 1978 OK CR 129, 589 P.2d 689; Bryant v. State, 1978 OK CR 110, 585 P.2d 377; Snodgrass v. State, 1978 OK CR 49, 578 P.2d 381; Chandler v. State, 1977 OK CR 324, 572 P.2d 285; Grubb v. State, 1976 OK CR 129, 551 P.2d 289; Jett v. State, 1974 OK CR 140, 525 P.2d 1247. However, admission of "other crimes" evidence is permissible where the evidence tends to establish some material aspect of the State's case.
The adoption of section 2404(B) reflects a change in the underlying theory of the propensity rule. Prior to the enactment of section 2404(B), the Court of Criminal Appeals articulated the propensity rule in an "exclusionary" form. Evidence that the defendant had committed other crimes or immoral acts was excluded, unless the proof could be categorized within a specified exception. Barnhart v. State, 1977 OK CR 18, 559 P.2d 451; Tharps v. State, 1976 OK CR 253, 555 P.2d 1054; McMahan v. State, 1960 OK CR 22, 354 P.2d 476 (Okl. Cr. 1960). By contrast, section 2404(B) phrases the propensity rule in an "inclusionary" fashion. Proof of other wrongdoing is admissible when offered for a relevant, permissible purpose, and is inadmissible when offered only to cast aspersions upon the defendant's character. Although the difference in approach is probably insignificant as a matter of practical reality, II J. Weinstein & M. Berger, Weinstein's Evidence § 404[08], at 404-42 (1979), an argument may be made that the "inclusionary" approach fosters judicial awareness that the proffered evidence must actually be relevant as proof of a material issue. The "exclusionary" approach, it is argued, encourages judicial acceptance of the prosecutor's characterization of the evidence as being within the confines of an exception. Stone, The Rule of Exclusion of Similar Fact Evidence: America, 51 Harv. L. Rev. 988 (1938). The Court of Criminal Appeals has not always followed the rule's inclusionary language literally, and it has suggested in some of its decisions that the five exceptions in the rule are exclusive. See cases cited in 2 Leo H. Whinery, Oklahoma Evidence § l5.13 (1994).
The instruction is drawn in accordance with the language of the statute, including only those situations of admissibility enumerated therein. However, the stated permissible purposes are exemplary only; the list was clearly not intended to be exclusive or exhaustive. Weinstein, supra, at 404-42 (1979). The Court of Criminal Appeals, for example, has permitted use of other-crimes evidence as tending to demonstrate the defendant's "guilty knowledge." Bewley v. State, 1965 OK CR 82, 404 P.2d 39; Mitchell v. State, 1964 OK CR 94, 395 P.2d 814. Also, proof that establishes commission of a crime other than that with which the defendant is charged may be relevant as part of the res gestae. Futerll v. State, 1972 OK CR 258, 501 P.2d 901; Hall v. State, 80 Okl. Cr. 310, 159 P.2d 283 (1945); Rogers v. State, 8 Okl. Cr. 226, 127 P. 365 (1912).
It should be noted that the statutory use of the term "acts" in addition to "other crimes" operates also to exclude proof of misconduct that is not violative of the Criminal Code, unless such proof is relevant to some material issue. Brown v. State, 1975 OK CR 13, 530 P.2d 1056, decided prior to the enactment of the Evidence Code, is seemingly contrary (no error in admitting defendant's statement that he had some phenobarbital, but had no "speed," as possession of phenobarbital is not a crime under laws of Oklahoma).
ln order for evidence constituting proof of a prior crime or other misconduct to be admissible, general practice requires that the prosecutor be prepared to explain specifically how this evidence tends to prove or to disprove a proper consequential fact, such as intent or knowledge, or to establish a proposition, such as motive. If the trial court determines that the evidence is relevant as tending to establish the issue on which it is offered, the court must perform, in compliance with section 2403, the further process of evaluating the probative value of the evidence as compared to its potential for prejudice. Snodgrass v. State, supra. Section 2403, 12 O.S. 1991 2021, § 2403, provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

See also Subcommittee's Notes to section 2404(B),12 O.S. 1991 2021, § 2404(B), urging that the inherently prejudicial character of other-crimes evidence gives rise to greater judicial "caution in determining whether such evidence should be admissible under [section 2403]."
In Burks v. State, supra, the court, in order to ensure "the integrity of evidence to be received at criminal trials" as well as to "enhance judicial efficiency by providing uniform standards for the introduction of evidence of other crimes and reducing misuse of a potentially dangerous rule of evidence." 1979 OK CR 10, ¶¶ 8-9 (on denial of rehearing), 594 P.2d at 776-77, promulgated procedural rules to govern the admissibility of evidence of wrongful conduct by the defendant.
(1) The State shall, within ten days before the trial, or at a pretrial hearing, whichever occurs first, furnish the defendant with a written statement of the other offenses it intends to show, described with the same particularity required of an indictment or information. (However, no such notice is required if the other offenses are prior convictions, or are actually a part of the res gestae of the crime charged and thus are not chargeable as separate offenses.) The requirement of notice gives the defendant an opportunity to obtain a pretrial determination on the admissibility of the evidence. However ... with regard to motions in limine, a pretrial ruling is not binding on the trial court. In order to properly preserve an objection it must be raised again during trial.
(2) At the time the evidence is offered the prosecutor shall specify the exception under which the evidence is sought to be admitted.
(3) Regardless of the exception used, there must be a visible connection between the offense charged and the offense sought to be proved. 
(4) There must be a showing by the State that the evidence of other crimes is necessary to support the State's burden of proof; that the evidence is not merely cumulative. Such evidence should not be admitted where it is a subterfuge for showing to the jury that the defendant is a person who deserves to be punished.
(5) The evidence of the defendant's commission of other crimes need not be established beyond a reasonable doubt, but the proof must be clear and convincing.
(6) At the time the evidence is received, and in the final instructions to the jury, the trial court shall admonish the jury that the defendant cannot be convicted for any crime other than the one with which he is charged and that the evidence of the other offense or offenses is admitted solely for a limited purpose.
(7) In the event the prosecution attempts to use evidence of other crimes in rebuttal, the trial court should conduct an in camera hearing to determine whether the evidence is admissible under the above guidelines.

ld. ¶¶ 12-18, at 594 P.2d at 774-75.
Section 2404(B) does not attempt to define statutorily the circumstances wherein proof of other crimes may tend to establish "motive," "intent," "identity," etc. The parameters of these situations of admissibility are defined by common law. For motive, see, e.g., Jones v. State, 1975 OK CR 222, 542 P.2d 1316; for intent, see Fetter v. State, supra; Hill v. State, 1979 OK CR 2, 589 P.2d l 073; for plan, see Burks v. State, supra; Bryant v. State, supra; for knowledge, see Snodgrass v. State, supra, Holmes v. State, 1977 OK CR 244, 568 P.2d 317; for identity, see Hill v. State, supra; Warner v. State, 1977 OK CR 257, 568 P.2d 1284; Davis v. State, 1977 OK CR 5, 558 P.2d 679; and, for absence of mistake or accident, see Worchester v. State, 1975 OK CR 111, 536 P.2d 995.
The Court of Criminal Appeals has applied different standards in determining whether evidence of extrinsic offenses is admissible to prove a common scheme or plan. The narrowest standard is illustrated by Marks v. State, 1982 OK CR 186, ¶ 9, 654 P.2d 652, 655, and Oglesby v. State, 1979 OK CR 95, ¶¶ 4-5, 601 P.2d 458, 459, in which the Court defined a common scheme or plan to be where the extrinsic offense was committed to prepare the way for another crime and the commission of the second criminal depended on the perpetration of the first. Another standard is illustrated by such cases as Salyers v. State, 1997 OK CR 88, ¶ 11, 755 P.2d 97, 101, where separate acts of sexual abuse were admitted under the common scheme or plan exception because they were part of a continuing transaction. A third standard is represented by Driver v. State, 1981 OK CR 117, ¶¶ 5-6, 634 P.2d 760, 763, in which evidence of prior rapes were admitted because of their distinctive similarities to the rape for which the defendant was being prosecuted. OUJI-CR 9-27
EVIDENCE - CORROBORATING EVIDENCE DEFINED
"Corroborating evidence" is supplementary evidence which tends to connect the defendant with the commission of the crime charged.

Notes on Use
This Instruction should be given only for cases involving accomplice testimony or testimony of co-conspirators who meet the definition of an accomplice, See 22 O.S. 2021, § 742: OUJI-CR 9-25 through 9-32.

OUJI-CR 10-13D
RETURN OF VERDICT -- DRIVING UNDER THE INFLUENCE OF ALCOHOL/(AN INTOXICATING SUBSTANCE)
If you find beyond a reasonable doubt that the defendant committed the crime of driving under the influence of alcohol/(an intoxicating substance), you shall return a verdict of guilty by marking the Verdict Form appropriately.
If you have a reasonable doubt of the defendant's guilt of the charge of driving under the influence of alcohol/(an intoxicating substance), or you find that the State has failed to prove each element of driving under the influence of alcohol/(an intoxicating substance) beyond a reasonable doubt, you shall return a verdict of not guilty by marking the Verdict Form appropriately.
If you find the defendant guilty, you shall then determine the proper punishment. The crime of driving under the influence of alcohol/(an intoxicating substance) is punishable by:
1. Imprisonment in jail for not less than ten days nor more than one year,
and
2. A fine of not more than One Thousand Dollars.
In addition, the defendant will be required to obtain an alcohol and drug substance abuse evaluation and follow all the recommendations made in the evaluation.

OR
[For a Second Offense]
If you find the defendant guilty of driving under the influence of alcohol/(an intoxicating substance) after a previous conviction of driving under the influence of alcohol/(an intoxicating substance), you shall then determine the proper punishment.
If you find the defendant guilty of driving under the influence of alcohol/(an intoxicating substance) after a previous conviction of driving under the influence, the defendant shall be required to obtain an alcohol and drug substance abuse evaluation. The crime of driving under the influence after a previous conviction of driving under the influence is punishable by:
1. Following all the recommendations made in the assessment and evaluation for treatment at the defendant's expense; or
2. Placement in the custody of the Department of Corrections for not less than one year nor more than five years, and a fine of not more than Two Thousand Five Hundred Dollars; or
3. Treatment, imprisonment and a fine within the limitations set out in paragraphs 1 and 2 above.
If the recommendations made in the assessment and evaluation for treatment do not include residential or inpatient treatment for a period of not less than five days, the defendant shall serve a term of imprisonment of at least five days.

OR
[After a Felony Conviction]
If you find the defendant guilty of driving under the influence of alcohol/(an intoxicating substance) after a previous felony conviction of driving under the influence, you shall then determine the proper punishment. If you find the defendant guilty of driving under the influence after a previous felony conviction of driving under the influence, the defendant shall be required to obtain an alcohol and drug substance abuse evaluation and assessment of the defendant's receptivity to treatment and prognosis. The crime of driving under the influence after a previous felony conviction of driving under the influence is punishable by:
1. Following all the recommendations made in the assessment and evaluation for treatment at the defendant's expense, two hundred forty hours of community service, and use of an ignition interlock device that, without tampering or intervention by another person, will prevent the defendant from operating a motor vehicle if the defendant has a blood or breath alcohol concentration of two-hundredths (0.02) or greater; or
2. Placement in the custody of the Department of Corrections for jail for not less than one year nor more than ten years, and a fine of not more than Five Thousand Dollars; or
3. Treatment, imprisonment and a fine within the limitations set out in paragraphs 1 and 2 above.
If the defendant does not undergo residential or inpatient treatment for at least ten days, the defendant shall serve a term of imprisonment of at least ten days.

OR
[After Two Felony Conviction]
If you find the defendant guilty of driving under the influence of alcohol/(an intoxicating substance) after two previous felony convictions of driving under the influence, you shall then determine the proper punishment. If you find the defendant guilty of driving under the influence after two previous felony convictions of driving under the influence, the defendant shall be required to obtain an alcohol and drug substance abuse evaluation and assessment of the defendant's receptivity to treatment and prognosis. The crime of driving under the influence after two previous felony convictions of driving under the influence is punishable by:
1. Following all the recommendations made in the assessment and evaluation for treatment at the defendant's expense, followed by not less than one (1) year of supervision and periodic testing at the defendant's expense, four hundred eighty hours of community service, and use of an ignition interlock device for a minimum of thirty days that, without tampering or intervention by another person, will prevent the defendant from operating a motor vehicle if the defendant has a blood or breath alcohol concentration of two-hundredths (0.02) or greater; or
2. Placement in the custody of the Department of Corrections for jail for not less than one year nor more than twenty years, and a fine of not more than Five Thousand Dollars; or
3. Treatment, imprisonment and a fine within the limitations set out in paragraphs 1 and 2 above.
If the defendant does not undergo residential or inpatient treatment, the defendant shall serve a term of imprisonment of at least ten days.
When you have decided on the proper punishment, you shall fill in the appropriate space on the Verdict Form for the crime of driving under the influence of alcohol/(an intoxicating substance)/[(after a previous conviction of driving under the influence)/(after a previous felony conviction of driving under the influence)/(after two previous felony convictions of driving under the influence)] and return the verdict to the Court.
Statutory Authority: 47 O.S. 2021, § l 1-902(A)-(C).
Notes on Use
The trial judge should select the appropriate alternative for the first or subsequent offense for driving under the influence of alcohol. For an instruction for aggravated driving under the influence, see OUJI-CR 10-13F, infra..

OUJI-CR 10-13E
RETURN OF VERDICT -- AGGRAVATED DRIVING UNDER THE INFLUENCE
If you find beyond a reasonable doubt that the defendant committed the crime of aggravated driving under the influence of alcohol/(an intoxicating substance)/[(after a previous conviction of driving under the influence)/(after a previous felony conviction of driving under the influence)/(after two previous felony conviction of driving under the influence)], you shall return a verdict of guilty by marking the Verdict Form appropriately.
If you have a reasonable doubt of the defendant's guilty of the charge of aggravated driving under the influence of alcohol/(an intoxicating substance)/ [(after a previous conviction of driving under the influence)/(after a previous felony conviction of driving under the influence)/(after two previous felony convictions of driving under the influence)], or you find that the State has failed to prove each element of aggravated driving under the influence of alcohol/(an intoxicating substance)/[(after a previous conviction of driving under the influence)/(after a previous felony conviction of driving under the influence)/ (after two previous felony convictions of driving under the influence)] beyond a reasonable doubt, you shall return a verdict of not guilty by marking the Verdict Form appropriately.
If you find the defendant guilty, you shall then determine the proper punishment. If you find the defendant guilty of aggravated driving under the influence of alcohol/(an intoxicating substance)/[(after a previous conviction of driving under the influence)/(after a previous felony conviction of driving under the influence)/(after two previous felony convictions of driving under the influence)], the defendant shall be required to obtain an alcohol and drug substance abuse evaluation and assessment of the defendant's receptivity to treatment and prognosis, and shall follow all the recommendations made in the assessment and evaluation for treatment followed by not less than one (1) year of supervision and periodic testing at the defendant's expense, and use of an ignition interlock device for a minimum of ninety days that, without tampering or intervention by another person, will prevent the defendant from operating a motor vehicle if the defendant has a blood or breath alcohol concentration of two-hundredths (0.02) or greater.

[Misdemeanor Aggravated DUI]
In addition to the requirements set out above, the crime of aggravated driving under the influence of alcohol/(an intoxicating substance) is punishable by:
1. Imprisonment in jail for not less than ten days nor more than one year, and
2. A fine of not more than One thousand Dollars.

OR
[For a Second D.U.I. Offense]
In addition to the requirements set out above, the crime of aggravated driving under the influence after a previous conviction of driving under the influence is punishable by:
1. Following all the recommendations made in the assessment and evaluation for treatment at the defendant's expense; or
2. Placement in the custody of the Department of Corrections for not less than one year nor more than five years, and a fine of not more than Two Thousand Five Hundred Dollars; or
3. Treatment, imprisonment and a fine within the limitations set out in paragraphs 1 and 2 above.
If the recommendations made in the assessment and evaluation for treatment do not include residential or inpatient treatment for a period of not les than five days, the defendant shall serve a term of imprisonment of at least five days.

OR
[After a Felony Conviction of D.U.I.]
In addition to the requirements set out above, the crime of aggravated driving under the influence after a previous felony conviction of driving under the influence is punishable by:
1. Following all the recommendations made in the assessment and evaluation for treatment at the defendant's expense, two hundred forty hours of community service, and use of an ignition interlock device that, without tampering or intervention by another person, will prevent the defendant from operating a motor vehicle if the defendant has a blood or breath alcohol concentration of two-hundredths (0.02) or greater; or
2. Placement in the custody of the Department of Corrections for not less than one year nor more than ten years, and a fine of not more than Five Thousand Dollars; or
3. Treatment, imprisonment and fine within the limitations set out in paragraphs 1 and 2 above.
If the defendant does not undergo residential or inpatient treatment for at least ten days, the defendant shall serve a term of imprisonment of at least ten days.

OR
[After Two Felony D.U.I. Convictions]
In addition to the requirements set out above, the crime of aggravated driving under the influence after two previous felony convictions of driving under the influence is punishable by:
1. Following all the recommendations made in the assessment and evaluation for treatment at the defendant's expense, followed by not less than one (1) year of supervision and periodic testing at the defendant's expense, four hundred eighty hours of community service, and use of an ignition interlock device for a minimum of ninety days that, without tampering or intervention by another person, will prevent the defendant from operating a motor vehicle if the defendant has a blood or breath alcohol concentration of two-hundredths (0.02) or greater; or
2. Placement in the custody of the Department of Corrections for jail for not less than one year nor more than twenty years, and a fine of not more than Five Thousand Dollars; or
3. Treatment, imprisonment and fine within the limitations set out in paragraphs 1 and 2 above.
If the defendant does not undergo residential or inpatient treatment, the defendant shall serve a term of imprisonment of at least ten days.
When you have decided on the proper punishment, you shall fill in the appropriate space on the Verdict Form for the crime of aggravated driving under the influence of alcohol/(an intoxicating substance)/[(after a previous conviction of driving under the influence)/(after a previous felony conviction of driving under the influence)/(after two previous felony convictions of driving under the influence)], and return the verdict to the Court.
Statutory Authority: 47 O.S.2021, § 11-902(D).

_
OUJI-CR 10-13F
RETURN OF VERDICT-- CHILD SEXUAL ABUSE/EXPLOITATION
If you find beyond a reasonable doubt that the defendant committed the crime of child sexual abuse/exploitation, you shall return a verdict of guilty by marking the Verdict Form for the crime of child sexual abuse/exploitation appropriately.
If you have a reasonable doubt of the defendant's guilt of the charge of child sexual abuse/exploitation, or you find that the State has failed to prove each element of the crime of child sexual abuse/exploitation beyond a reasonable doubt, you shall return a verdict of not guilty by marking the Verdict Form the crime of child sexual abuse/exploitation appropriately.
If you find the defendant guilty, you shall then determine the proper punishment. The crime of child sexual abuse/exploitation is punishable by imprisonment in the custody of the Department of Corrections not exceeding life imprisonment, or by imprisonment in a county jail not exceeding one (1) year. Alternatively, you may impose a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars ($5,000.00)], or both such fine and imprisonment. If you find the defendant guilty and you also find beyond a reasonable doubt that the victim of the crime was under twelve years of age on the date of the offense, then the crime of child sexual abuse/exploitation is punishable by imprisonment in the custody of the Department of Corrections for not less than twenty-five (25) years nor more than life imprisonment, and by a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars ($5,000.00).
When you have decided on the proper punishment, you shall fill in the appropriate space on the Verdict Form for the crime of child sexual abuse/exploitation and return the verdict to the Court.
Statutory Authority: 21 O.S. 2021, §§ 12.1, 13.1, 843.5(E), (F), (H), (I).
Committee Comments
The Oklahoma Court of Criminal Appeals ruled in Williams v. State, 2021 OK CR 19, ¶ 5, 496 P.3d 621, 624, that the trial court erred when it failed to instruct that the jury was required to find that the victim was under twelve years of age in a prosecution for indecent or lewd acts with a child under sixteen. It stated as follows: "The jury should have been instructed that in order to assess punishment starting at not less than twenty-five years imprisonment, they had to find beyond a reasonable doubt that the victim was under twelve years of age when the crimes were committed." Id. (citing Chadwell v. State, 2019 OK CR 14, ¶¶ 5-7, 446 P.3d 1244, 1246-47).

OUJI-CR 10-14A
VERDICT FORM - CHILD SEXUAL ABUSE/EXPLOITATION
IN THE DISTRICT COURT OF THE __________ JUDICIAL DISTRICT OF THE STATE OF OKLAHOMA SITTING IN AND FOR _________ COUNTY THE STATE OF OKLAHOMA,
The State of Oklahoma )
)
Plaintiff, )
)
vs )
) Case No. __________
JOHN DOE, )
)
Defendant. )
VERDICT
COUNT 1 -- CHILD SEXUAL ABUSE/EXPLOITATION
We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:
Defendant is:
_____ Guilty and fix punishment at __________________________.
_____ Guilty and [Initials of Victim] was under 12 years of age at the time of the offense and fix punishment at ___________________________.
_____ Not Guilty.
_______________________________
FOREPERSON
Notes on Use
This Verdict Form should be used only if evidence is presented that the victim was less than twelve years of age at the time of the incident.
_

OUJI-CR 11-3
COMPETENCY -- DEFINITIONS
It is necessary that you understand what certain terms used in these instructions mean in the law. The following definitions apply here:
1. "Competent" or "competency" means the present ability of a person arrested for or charged with a crime to understand the nature of the charges and proceedings brought against him/her and to effectively and rationally assist in his/her defense.
2. "Dangerous" means a person who because of his/her (mental illness)/(drug/alcohol dependency):
(a) a person who poses a substantial risk of immediate physical harm to himself/herself, as shown by evidence of serious threats of or attempts at suicide or other significant self-inflicted bodily harm;
(b) a person who poses a substantial risk of immediate physical harm to another person or persons, as shown by evidence of violent behavior directed toward another person or persons;
(c) a person who has placed another in a reasonable fear of violent behavior directed towards the other person or serious physical harm as shown by serious and immediate threats;
(d) is in a condition of severe deterioration such that, there is a substantial risk that without immediate intervention severe impairment or injury will result to the person alleged to require treatment; or
(e) who poses a substantial risk of immediate serious physical injury or death to himself/herself, as shown by evidence that the person is unable to provide for and is not providing for the basic physical needs of the person and that appropriate provision for those needs cannot be made immediately available in the community; but
(f) a person who is homeless is not necessarily considered dangerous unless the person also meets the requirements just described.
3. "Incompetent" or "incompetency" means any person who is not presently competent. A person may be incompetent due to physical disability.
4. "Mentally retarded person" An individual with intellectual disability means a person who has significantly subaverage functioning, IQ of less than 70, manifested before age 18 and existing concurrently with related limitations in two or more of the following applicable adaptive skill areas:
1. Communication;
2. Self-care;
3. Home living;
4. Social skills;
5. Use of community resources;
6. Self-direction;
7. Health and safety;
8. Functional academics;
9. Leisure; and
10. Work.
5. "A person Person requiring treatment" means either:
(1) A person who represents a risk of harm to self or others because of mental illness; or
(2) A person who is a drug- or alcohol-dependent person and who represents a risk of harm to self or other as a result of drug dependency;
but a person requiring treatment is not:
(1) a person whose mental processes have been weakened or impaired by reason of advanced years, dementia, or Alzheimer's disease,
(2) a mentally retarded or developmentally disabled person with intellectual or developmental disability,
(3) a person with seizure disorder,
(4) a person with a traumatic brain injury, or
(5) a person who is homeless,
unless he/she also meets the other requirements just described.

The mental health or substance abuse history of the person may be used as part of the evidence to determine whether the person is a person requiring treatment or an assisted outpatient. The mental health or substance abuse history of the person shall not be the sole basis for this determination.
6. A reasonable period of time for correction of incompetency through treatment, therapy or training for this particular case is [Specify Applicable Period Time from 22 O.S.Supp. 2008 2021 § 1175.1].

7. "Public guardian" means the Office of Public Guardian.
Notes on Use
These definitions are taken from 10 O.S. Supp. 2008 2021 § 1408, 22 O.S. Supp. 2008 2021 § 1175.1 and 43A O.S. Supp. 2008 2021 § 1-103, but they have been modified to make them easier to follow. Trial courts are encouraged to modify the definitions further to increase juror comprehension by eliminating portions of the definition that are not applicable to the particular case. For example, if there is no evidence that the defendant is drug- or alcohol-dependent, the part of the definition of a person requiring treatment should not include the reference to drug- or alcohol-dependency, because it would not be pertinent and could therefore be confusing to the jury. On the other hand, the judge should give the definition of a "mentally retarded person" an "individual with intellectual disability" even if there is no evidence offered that the defendant has an IQ of less than 70, because the jury is required by 22 O.S.Supp. 2008 2021, § 1175.5 to make a finding with respect to whether the defendant is mentally retarded intellectually disabled.
Committee Comments
In Valdez v. State, 1995 OK CR 18, ¶¶ 5-6, 900 P.2d 363, 369, the Oklahoma Court of Criminal Appeals ruled that the definition of competence in 22 O.S. 1991 § 1175.1 (1) satisfies Supreme Court standards.
_

OUJI-CR 11-7
COMPETENCY - VERDICT FORM
______________________________
IN THE DISTRICT COURT OF THE ________ JUDICIAL DISTRICT OF
THE STATE OF OKLAHOMA SITTING IN AND FOR _________ COUNTY
THE STATE OF OKLAHOMA,
Plaintiff, )
)
vs )
) Case No. _______
JOHN DOE, )
)
Defendant. )
VERDICT
We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:
1. Is [Name of Defendant] incompetent to undergo further criminal proceedings at this time?
YES _________
NO _________
If your answer is no, you need not answer the remainder of the questions. If your answer is yes, then proceed to the next question.
2. Can the incompetency of [Name of Defendant] be corrected within a reasonable period of time through treatment, therapy or training? In this case, a reasonable period of time is defined to be [Specify Applicable Period of Time from 22 O.S. § 1175.1].
YES _________
NO _________
3. Is [Name of Defendant] mentally retarded incompetent because he/she is an intellectually disabled person as defined in these instructions?
YES _________
NO _________
4. Is [Name of Defendant] a person requiring treatment as defined in these instructions?
YES _________
NO _________
5. If the answers to questions 3 and 4 are no, why is [Name of Defendant] incompetent?

__________________________________________________________________
6. Is [Name of Defendant] presently dangerous as defined in these instructions if released?
YES _________
NO _________
______________________________ ______________________________
Foreperson
______________________________ ______________________________
______________________________ ______________________________
Committee Comments
The Oklahoma Legislature revised the questions that the jury must answer to determine competency in 2004, and this verdict form reflects the 2004 amendments. See 22 O.S.Supp. 2008 2021, § 1175.5 .
 
 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA